```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
DEVORAH CRUPAR-WEINMANN,               :
individually and on behalf of all      :
others similarly situated,             :
                                       :
                Plaintiff,             :        13 Civ. 7013 (JSR)
                                       :
        -v-                            :
                                       :        MEMORANDUM ORDER
PARIS BAGUETTE AMERICA, INC. d/b/a     :
Paris Baguette,                        :
                                       :
                Defendant.             :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Plaintiff Devorah Crupar-Weinmann brings this action, individually and on behalf of those similarly situated, against defendant Paris Baguette America, Inc. ("Paris Baguette"), alleging willful violation of the Fair and Accurate Credit Transactions Act ("FACTA") of 2003, Pub. L. No. 108-159, 117 Stat. 1952 (codified as amended in 15 U.S.C. § 1681c(g)), which amended the Fair Credit Reporting Act ("FCRA"). Specifically, plaintiff alleges that defendant knowingly or recklessly violated FACTA by providing her with a receipt that contained the full expiration date of her credit card. Plaintiff, both for herself and on behalf of her putative class, seeks statutory and punitive damages as prescribed for willful violations under the Act, as well as costs and reasonable attorneys' fees.

On November 18, 2013, defendant filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).

Defendant moved primarily on the basis that the Complaint failed to plead sufficient facts to plausibly show that the defendant willfully violated FACTA.[1]

On January 15, 2014, following full briefing and oral argument, the Court granted defendant's motion to dismiss, but stayed the case until it had issued a written opinion explaining the reasons for its decision. This Memorandum Order reaffirms and explains the reasons for the Court's January 15 Order and directs entry of final judgment dismissing plaintiff's Complaint with prejudice.

On a Rule 12(b)(6) motion for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "a

---

[1] Defendant asserted two other grounds for at least partial dismissal of the Complaint. First, defendant argued that plaintiff failed to allege actual injury. Defendant's Memorandum of Law in Support of Motion to Dismiss ("Def. MTD Mem."), Nov. 18, 2013, at 4-5. However, plaintiff correctly notes that she only pursues damages based on a theory of willful violation, which does not require proof of actual injury. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Complaint, Dec. 6, 2013, at 11. Second, defendant contended that plaintiff failed to plead sufficient specific facts to sustain a putative class action claim, namely because of plaintiff's lack of specificity regarding Paris Baguette's practices at other stores or in other transactions. Def. MTD Mem., at 9. The Court does not reach this issue because it dismisses the Complaint in its entirety with prejudice on the ground that plaintiff has failed to plead a willful violation.

complaint need not include detailed factual allegations, it must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Retirement Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). A court should "accept[] all factual allegations as true and draw[] all reasonable inferences in favor of the plaintiff." *See, e.g., N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119 (2d Cir. 2013) (internal quotation marks omitted). However, merely offering "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Pension Benefit Guar. Corp.*, 712 F.3d at 717 (internal quotation marks omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Pension Benefit Guar. Corp.*, 712 F.3d at 718 (internal quotation marks and alterations omitted).

In relevant part, FACTA requires businesses that accept credit and debit cards to redact on customers' receipts all but the last five digits of the credit card's number, as well as the

3

card's expiration date. 15 U.S.C. § 1681c(g)(1). Congress's purpose in enacting the law was to prevent identity theft using information on discarded credit card receipts.

Damages under FACTA differ depending on whether noncompliance with the law was "negligent" or "willful." Damages for negligent noncompliance are limited to actual injuries suffered by the customer, such as from actual identity theft resulting from a discarded receipt. 15 U.S.C. § 1681o(a). As noted, however, plaintiff here is not claiming any actual damages. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Complaint, Dec. 6, 2013, at 11. By contrast, "[a]ny person who willfully fails to comply" with the law's requirements is liable for damages of between $100 and $1,000 per customer, as well as punitive damages. *Id.* § 1681n(a). Willfulness, in turn, encompasses both knowing and reckless violations of FACTA. *See Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 56-60 (2007) (interpreting the meaning of "willful" in the context of another violation of the FCRA); *see also, e.g.*, *Katz v. ABP Corp.*, 12-CV-4173, 2013 WL 2444605, *3 (E.D.N.Y. June 4, 2013). Thus, the question on this motion is whether plaintiff has adequately pleaded a willful violation.

The Complaint alleges the following: On September 19, 2013, plaintiff made a purchase at defendant's midtown Manhattan location, paid with a credit card, and received an electronically

4

printed receipt displaying the expiration date of her credit card. Complaint, Oct. 2, 2013, ¶ 14. Plaintiff alleges that the defendant owns and operates one restaurant in this District, four others in the State of New York, and at least fifteen other retail stores throughout the United States. *Id.* ¶ 15. At all relevant times, defendant was a "'person that accepts credit cards or debit cards for the transaction of business'" within the meaning of FACTA. *Id.* ¶ 16 (quoting 15 U.S.C. § 1681c(g)(1)).

The Complaint also pleads the following facts that relate to whether defendant's alleged violation was willful:

- "Defendant's conduct was willful, knowing or reckless, and Defendant failed, and continues to fail, to protect Plaintiff, and all others similarly situated, against identity theft and credit card and debit card fraud by issuing electronically printed receipts displaying the entire expiration dates of its customers' credit and debit cards." *Id.* ¶ 11.
- "In response to the passage of FACTA and the Clarification, businesses nationwide changed their debit and credit card processing machines so that the prohibited information would not be printed on receipts." *Id.* ¶ 30.
- "VISA, MasterCard, the PCI Security Standards Council — a consortium founded by VISA, MasterCard, American Express, and JCB — companies that sell cash registers and other devices for the processing of credit card and debit card payments, and other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition of the printing of expiration dates, and Defendant's need to comply with same." *Id.* ¶ 31.
- "FACTA requirements were also widely publicized among retailers." *Id.* ¶ 32.
- "In addition, the card issuing organizations required compliance with FACTA by contract, in advance of FACTA's mandatory compliance date. For example, the August 12, 2006, edition of 'Rules for Visa Merchants' (p. 62), which is distributed to and binding upon all merchants that accept

5

> Visa-branded credit and debit cards, expressly requires that 'only the last 4 digits of an account number should be printed on the customer's copy of the receipt' and the 'expiration date should not appear at all.' These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required compliance by July 1, 2006, five months ahead of the statutory deadline." *Id.* ¶ 33.

- "Defendant's knowledge of the FACTA requirements is also evidenced by its change to the credit and debit card receipts to remove all but the last three digits of the card number." *Id.* ¶ 34.
- "Defendant knew of the truncation requirement and prohibition of the printing of expiration dates or was reckless by not knowing about the requirement and the prohibition, in light of the information readily available to it." *Id.* ¶ 38.
- "Defendant accepts Discover, American Express, Visa and MasterCard branded credit and debit cards and, therefore, is a party to a contract requiring compliance with the foregoing requirements." *Id.* ¶ 39.
- "Defendant's use of software, devices and machines that print receipts in violation of FACTA was willful, knowing or reckless." *Id.* ¶ 40.

In addition, plaintiff brings claims on behalf of a putative class, which she defines as follows:

> [A]ll persons or entities to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a sale or transaction occurring after June 3, 2008, which receipt displayed the expiration date of the customer's credit card or debit card. Excluded from the Class are the officers and directors of Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendant has or had a controlling interest.

*Id.* ¶ 17.

In evaluating these allegations, the central question is what plaintiff must plead to show a "knowing violation" under

FACTA. To judge from the above-quoted passages, plaintiff appears to suggest that a knowing violation can be inferred solely from the fact that a defendant knew of the relevant statute and then violated it. However, plaintiff fundamentally misreads what is required to show a knowing violation under FACTA.

In *Safeco Insurance Co. of America v. Burr*, the Supreme Court held that willfulness, for purposes of FACTA, requires either a knowing or reckless violation. *See* 551 U.S. 47, 56-60 (2007). While the *Safeco* decision focused primarily on reckless violations of FACTA, it relied significantly on - and cited approvingly of — two earlier Supreme Court decisions that interpreted the term "willful" in the context of other federal statutes. One of those earlier decisions, *Trans World Airlines, Inc. v. Thurston* ("*TWA*"), 469 U.S. 111 (1985), construed the meaning of "willful" in the Age Discrimination in Employment Act ("ADEA"), and elaborated on what constitutes a "knowing" violation of a statute. The *TWA* Court emphasized that it is insufficient for a plaintiff to simply show that a defendant "knew of the potential applicability of the ADEA" or that it knew that the statute was "in the picture." *TWA*, 469 U.S. at 127-28 (internal quotation marks omitted). Rather, the *TWA* Court required that the defendant "'know' that its conduct violated the Act." *Id.* at 129.

7

Even though *TWA* was decided in the context of an alleged violation of ADEA, its reasoning applies with equal force here, especially given the *Safeco* Court's reliance on *TWA* in interpreting the same term in FACTA that is at issue here — "willful." In fact, another district court, relying heavily on *TWA*, has applied same reasoning as to knowing violations under FACTA, *see Vidoni v. Acadia Corp.*, 11-CV-00448-NT, 2012 WL 1565128, at *3-4 (D. Me. Apr. 27, 2012), and this Court finds that court's reasoning persuasive in this case. Therefore, to survive defendant's motion to dismiss, plaintiff's Complaint must plead sufficient facts to support a plausible inference that defendant knew that its conduct was violating the statute, and not simply that defendant knew about the existence of the statutory provision at issue.

With this understanding of willfulness and of knowing violations, the Court now considers each relevant allegation in the Complaint to determine whether the defendant has plausibly pled willfulness:

Plaintiff's allegations in paragraphs 11, 38, and 40 are merely conclusory and therefore cannot support a finding of willfulness. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In addition, some of plaintiff's allegations, particularly those in paragraphs 30 and 32 of the Complaint, fail to establish either defendant's knowledge of FACTA or its knowing

or reckless noncompliance. These generic allegations are applicable to nearly all entities that are subject to FACTA's requirements and have been found inadequate even in a number of cases that postdate *Iqbal*'s heightened clarification of pleading requirements on a Rule 12(b)(6) motion to dismiss. *See, e.g.*, *Komorowski v. All-Am. Indoor Sports, Inc.*, No. 13-2177-SAC, 2013 WL 4766800, at *3-4 (D. Kan. Sept. 4, 2013); *Miller-Huggins v. SpaClinic, LLC*, No. 09 C 2677, 2010 WL 963924, at *2 (N.D. Ill. Mar. 11, 2010).

This leaves only the allegations contained in paragraphs 31, 33, 34, and 39 of the Complaint. These allegations are specific to this defendant, and they support an inference that defendant was aware of FACTA and its requirements. For example, paragraphs 33 and 39 together support an inference that defendant knew of FACTA's requirements as a result both of credit card companies' independent requirements that card-accepting merchants comply with FACTA's requirements and of defendant's status as card-accepting merchant. *See* Complaint, ¶¶ 33, 39.

However, even those four paragraphs of the Complaint, which are the only allegations that plausibly suggest that defendant knew about FACTA's requirements, do not support a plausible inference that defendant knew that it was *violating* FACTA. The allegations contained in paragraphs 31, 33, and 39 very clearly show only that defendant, at best, was aware of FACTA and its

9

requirements because it received information on FACTA compliance from credit card companies.

The closest plaintiff comes to establishing the requisite knowledge or recklessness is the allegation contained in paragraph 34 of the Complaint. Plaintiff alleges that defendant "change[d] . . . the credit and debit card receipts to remove all but the last three digits of the card number." Complaint, ¶ 34. This suggests that the defendant knew enough about FACTA to comply in part with the statute. However, even this fact, if accepted as true, does not plausibly suggest that plaintiff acted knowingly or recklessly to violate FACTA. Rather, the fact that defendant changed its credit card receipt to partially comply with FACTA's requirements renders implausible the claim that defendant was attempting to willfully evade FACTA's restrictions. Plaintiff neither alleges nor offers any reason for this Court to plausibly infer that the defendant would know about FACTA's requirements and change its credit card receipt to comply with one portion of FACTA, but would intentionally, knowingly, or recklessly choose not remove the expiration date. At best, the allegation in paragraph 34 supports an inference that defendant *negligently* violated FACTA, which does not suffice to state a claim in a case such as this, in which plaintiff does not allege actual damages. *See* 15 U.S.C. § 1681o(a).[2]

---

[2] Plaintiff also fails to plausibly plead that defendant acted

Finally, the Court dismisses plaintiff's claims with prejudice because any attempt by plaintiff to replead her Complaint would be futile. *See, e.g., Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). At oral argument, the Court asked plaintiff's counsel whether any additional evidence of willfulness existed, even if it was not pleaded in this Complaint. *See* Tr., Jan. 6, 2014, at 14:8-:11, 15:12-:18. Counsel responded that, if given the opportunity to do so, plaintiff would assert, as further evidence of willfulness, that defendant's insurance company sent a letter indicating that it would not insure damages resulting from any violations by defendant of FACTA because the defendant and insurer had negotiated such an exception to coverage. *See id.* at 14:12-:20, 15:19-16:10. Again, this evidence could plausibly support an inference that defendant was aware of the requirements of FACTA, but, as the Court has already made clear, evidence of defendant's knowledge of the statute in question, without anything more, fails to plausibly show that the defendant knowingly or recklessly violated the statute. The Court is convinced that

---

recklessly because there is no evidence that defendant made a decision to put the credit card expiration date on its receipts as the result of an objectively unreasonable interpretation of the statute. *See, e.g., Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 68-70 (2007). In fact, there is no suggestion at all in the Complaint that defendant consciously included the expiration date on its receipts, much less that it did so on an unreasonably mistaken belief that the statute did not require removal of those dates.

11

plaintiff would not be able to plausibly plead a claim for willful violation of FACTA, even if she were given the opportunity to replead.

Accordingly, the Court hereby grants defendant's motion to dismiss and directs entry of final judgment dismissing plaintiff's claims with prejudice.

SO ORDERED.

Dated: New York, New York
       June 29, 2014

_____
JED S. RAKOFF, U.S.D.J.