# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE.**     **2. PLEASE TYPE OR PRINT.**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Devorah Cruper-Weinmann, individually and on behalf of all others similarly situated,<br><br>v.<br><br>Paris Baguette America, Inc. d/b/a Paris Baguette. | **U.S.D.C. S.D.N.Y.** | **Jed S. Rakoff** |

| Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|
| June 30, 2014; Sep 3, 2014 | 1:13-cv-07013-JSR |

| Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|
| October 1, 2014 | Yes    ✓ No |

**Attorney(s) for Appellant(s):**

✓ Plaintiff

   Defendant

Counsel's Name:    Address:    Telephone No.:    Fax No.:    E-mail:

Marvin L. Frank; Frank & Bianco LLP;
275 Madison Avenue, Suite 705, New York, NY 10016;
(212) 682-1853; (212) 682-1892 (fax); mfrank@frankandbianco.com

**Attorney(s) for Appellee(s):**

   Plaintiff

✓ Defendant

Counsel's Name:    Address:    Telephone No.:    Fax No.:    E-mail:

Joshua A. Berman; Troutman Sanders LLP;
405 Lexington Avenue, New York, NY 10174;
(212) 704-6198; (212) 704-5916 (fax); joshua.berman@troutmansanders.com

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously?    Yes    ✓ No |
|---|---|---|---|
| Yes | 17 | 0 | If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:    Reporter Citation: (i.e., F.3d or Fed. App.) |

*ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

## PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| U.S. a party     Diversity<br><br>✓ Federal question     Other (specify):<br>(U.S. not a party)     _____ | ✓ Final Decision     Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))<br><br>Interlocutory Decision<br>Appealable As of Right     Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief |
|---|---|---|---|
| ✓ Pre-trial<br>During trial<br>After trial | Default judgment<br>Dismissal/FRCP 12(b)(1)<br>  lack of subj. matter juris.<br>✓ Dismissal/FRCP 12(b)(6)<br>  failure to state a claim<br>Dismissal/28 U.S.C. § 1915(e)(2)<br>  frivolous complaint<br>Dismissal/28 U.S.C. § 1915(e)(2)<br>  other dismissal | Dismissal/other jurisdiction<br>Dismissal/merit<br>Judgment / Decision of the Court<br>Summary judgment<br>Declaratory judgment<br>Jury verdict<br>Judgment NOV<br>Directed verdict<br>Other (specify): | ✓ Damages:              Injunctions:<br><br>_ Sought: $ _____      Preliminary<br>_ Granted: $ _____     Permanent<br>_ Denied: $ _____      Denied |

## PART C: NATURE OF SUIT (Check as many as apply)

| 1. Federal Statutes | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|
| Antitrust<br>Bankruptcy<br>Banks/Banking<br>Civil Rights<br>Commerce,<br>Energy<br>Commodities<br>Other (specify): _____ | Communications<br>✓ Consumer Protection<br>Copyright □ Patent<br>Trademark<br>Election<br>Soc. Security<br>Environmental | Freedom of Information Act<br>Immigration<br>Labor<br>OSHA<br>Securities<br>Tax | Admiralty/<br>Maritime<br>Assault /<br>Defamation<br>FELA<br>Products Liability<br>Other (Specify): | Admiralty/<br>Maritime<br>Arbitration<br>Commercial<br>Employment<br>Insurance<br>Negotiable<br>instruments<br>Other Specify | Civil Rights<br>Habeas Corpus<br>Mandamus<br>Parole<br>Vacate Sentence<br>Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| Forfeiture/Penalty<br>Real Property<br>Treaty (specify): _____<br>Other (specify): _____ | Arbitration<br>Attorney Disqualification<br>✓ Class Action<br>Counsel Fees<br>Shareholder Derivative<br>Transfer | Yes     ✓ No<br><br>Will appeal raise a matter of first impression?<br><br>Yes     ✓ No |

1. Is any matter relative to this appeal still pending below?     Yes, specify: _____     ✓ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)   Arises from substantially the same case or controversy as this appeal?     Yes     ✓ No

   (B)   Involves an issue that is substantially similar or related to an issue in this appeal?     ✓ Yes     No

If yes, state whether   "A," or   "B," or ✓ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name:<br>Cynthia M. Fullwood vs. Wolfgang's Steak | Docket No.<br>1:13-civ-7174-KPF | Citation: | Court or Agency:<br>U.S.D.C. S.D.N.Y. |
|---|---|---|---|
| Name of Appellant:<br>N/A | | | |

| Date:<br>October 22, 2014 | Signature of Counsel of Record:     /s/ Marvin L. Frank |
|---|---|

## NOTICE TO COUNSEL

Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the$505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

14-3709

DEVORAH CRUPER-WEINMANN, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiff-Appellant,

v.

PARIS BAGUETTE AMERICA, INC. d/b/a PARIS BAGUETTE,

Defendant-Appellee.

---

*APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK IN CASE NO. 1:13-cv-07013-JSR,
JUDGE JED S. RAKOFF*

---

## FORM C – ADDENDUM

Marvin L. Frank
Bridget V. Hamill
FRANK & BIANCO LLP
275 Madison Avenue, Suite 705
New York, New York 10016
(212) 682-1853 (telephone)
mfrank@frankandbianco.com
bhamill@frankandbianco.com

*Attorneys for Plaintiff-Appellant Devorah-Cruper-Weinmann,
Individually and on behalf of all others similarly situated*

# ADDENDUM A

## BRIEF DESCRIPTION OF THE NATURE OF THE ACTION

Plaintiff-Appellant, Devorah Crupar-Weinmann, on behalf of herself and all others similarly situated, commenced this putative class action against Defendant-Appellee Paris Baguette America, Inc. d/b/a Paris Baguette, in the U.S. District Court for the Southern District of New York, asserting claims under the Fair and Accurate Credit Transactions Act ("FACTA") of 2003, 15 U.S.C. § 1681c(g), which amended the Fair Credit Reporting Act. FACTA prohibits merchants who accept credit cards or debit cards from issuing to their customers at the point of sale an electronically-generated receipt displaying the expiration date.

## THE RESULT BELOW

The district court granted defendant's motion to dismiss on January 16, 2014, but stayed the case until it issued an opinion. On June 30, 2014, the district court filed its Memorandum Order and Clerk's Judgment dismissing the case with prejudice. On July 15, 2014, Appellant filed her motion for reconsideration and for leave to amend attaching her proposed amended complaint. On September 3, 2014, the district court denied Appellant's motion for reconsideration and for leave to amend and dismissed the case with prejudice. Appellant filed her Notice of Appeal on October 1, 2014.

# ADDENDUM B

## LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL AND THE APPLICABLE APPELLATE STANDARDS OF REVIEW

1.  Whether Paris Baguette's printing of the expiration date on Appellant's credit card receipt was a willful violation of FACTA where the district court found that the complaint raises a plausible inference that Paris Baguette was fully aware of the statute, FACTA had been passed twice by Congress and was over ten years old, Paris Baguette had partially complied with FACTA by redacting the credit card number, and Paris Baguette had negotiated its liability insurance to specifically deal with FACTA liability.

**De novo** review.  *Leung v. New York Univ.*, 2014 U.S. App. LEXIS 19663, at *2 (2d Cir. Oct. 14, 2014) ("We review the grant of a Rule 12(b)(6) motion to dismiss de novo, 'construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.'"  *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)).

2.    Whether Paris Baguette's printing of the expiration date on Appellant's credit card receipt was willful because it was objectively unreasonable and entailed an unjustifiably high risk of harm that was either known or so obvious that it should be known.

     **De novo** review.  *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 44, (2d Cir. 1997) ("We review *de novo* the grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted."  *See Allen v. Westpoint-Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---

**DEVORAH CRUPAR-WEINMANN,**
Individually and on behalf of All Others Similarly
Situated,

        Plaintiff,

    v.

**PARIS BAGUETTE AMERICA, INC. d/b/a
PARIS BAGUETTE,**

        Defendant.

---

**Civil Action No. 1:13-cv-07013-JSR**

**ECF Case**


**CLASS ACTION**

**NOTICE OF APPEAL**

Notice is hereby given that Devorah Crupar-Weinmann, Plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the Second Circuit from the Order granting Defendant Paris Baguette America, Inc. d/b/a Paris Baguette's Motion to Dismiss Plaintiff's Complaint (Docket No. 24) entered in this action on June 30, 2014, and the Final Judgment (Docket No. 25) entered in this action on June 30, 2014, and from the Memorandum and Order denying Plaintiff's Motion for Reconsideration (Docket No. 31), entered in this action on September 3, 2014.

DATED: October 1, 2014                    Respectfully submitted,


**FRANK & BIANCO LLP**

By: /s/ Marvin L. Frank_____
Marvin L. Frank (MF1436)
Bridget V. Hamill (BH0207)
**FRANK & BIANCO LLP**
275 Madison Avenue, Suite 705
New York, New York 10016
Telephone: 212-628-1853
Facsimile: 212-682-1892
mfrank@frankandbianco.com
bhamill@frankandbianco.com


Khaled (Jim) El Nabli
Joseph H. Lilly
Alan J. Harris
Peter Y. Lee
**NABLI & ASSOCIATES, P.C.**
60 East 42nd Street, Suite 1101
New York, New York 10165
(212) 808-0716 Telephone
(212) 808-0719 Facsimile
Jim_ElNabli@NabliLaw.com
JoeLilly@att.net
AlanHarrisEsq@aol.com
Peter.Lee@LeeAdvocates.Com

*Plaintiffs' Co-Lead Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 1, 2014, I electronically filed the foregoing document electronically using the CM/ECF System.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

<u>*/s/* Marvin L. Frank</u>
 Marvin L. Frank

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:13-cv-07013-JSR

Cruper - Weinmann v. Paris Baguette America, Inc
Assigned to: Judge Jed S. Rakoff
Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 10/03/2013
Date Terminated: 06/30/2014
Jury Demand: Plaintiff
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

### Plaintiff

**Devorah Cruper - Weinmann**
*Individually and on behalf of all others
similarly situated*

represented by   **Alan J. Harris**
Alan J. Harris, P.C
427 Manville Rd.
Pleasantville, NY 10570
(914)-747-9393
Fax: (914)-747-9394
Email: alanharrisesq@aol.com
*ATTORNEY TO BE NOTICED*

**Bridget Veronica Hamill**
Murray Frank LLP
275 Madison Avenue, Ste. 801
New York, NY 10016
(212) 682-1818
Fax: (212) 682-1892
Email: bhamill@murrayfrank.com
*ATTORNEY TO BE NOTICED*

**Joseph Henry Lilly , III**
Law Office of Joseph H. Lilly, III
60 East 42nd Street, Suite 1338
New York, NY 10165
212 687-6523
Fax: 212 687-6526
Email: joelilly@att.net
*ATTORNEY TO BE NOTICED*

**Khaled A. El Nabli**
Nabli & Associates, P.C
60 East 42nd Street, Suite 1338
New York, NY 10165
(212)-808-0716
Fax: (212)-808-0719
Email: jim_elnabli@nablilaw.com
*ATTORNEY TO BE NOTICED*

**Marvin Lawrence Frank**
Murray Frank LLP
275 Madison Avenue, Ste. 801
New York, NY 10016
(212) 682-1818
Fax: (212) 682-1892
Email: mfrank@frankandbianco.com
*ATTORNEY TO BE NOTICED*

**Peter Y Lee**
Lee LLC Dba Peter Y. Lee, Esq
305 Madison Ave
New York, NY 10165
(212)-808-0731
Fax: (212)-808-0719
Email: peter.lee@leeadvocates.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Paris Baguette America, Inc**          represented by **Eric L. Unis**
*doing business as*                       Troutman Sanders LLP (NYC)
Paris Baguette                            405 Lexington Avenue
                                          New York, NY 10174
                                          (212) 704-6000
                                          Fax: 212 704 6288
                                          Email: eric.unis@troutmansanders.com
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Joshua Alexander Berman**
                                          Troutman Sanders LLP (NYC)
                                          405 Lexington Avenue
                                          New York, NY 10174
                                          212-704-6000
                                          Fax: 212-704-6288
                                          Email:
                                          joshua.berman@troutmansanders.com
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Mary Jane Yoon**
                                          Troutman Sanders LLP (NYC)
                                          405 Lexington Avenue
                                          New York, NY 10174
                                          212 704 6204
                                          Fax: 212 704 8392
                                          Email:

maryjane.yoon@troutmansanders.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/03/2013 | 1 | COMPLAINT against Paris Baguette America, Inc. (Filing Fee $ 350.00, Receipt Number 465401078089)Document filed by Devorah Cruper - Weinmann.(jd) (Entered: 10/03/2013) |
| 10/03/2013 | | SUMMONS ISSUED as to Paris Baguette America, Inc. (jd) (Entered: 10/03/2013) |
| 10/03/2013 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (jd) (Entered: 10/03/2013) |
| 10/03/2013 | | Case Designated ECF. (jd) (Entered: 10/03/2013) |
| 10/03/2013 | 2 | STANDING ORDER IN RE PILOT PROJECT REGARDING CASE MANAGEMENT TECHNIQUES FOR COMPLEX CIVIL CASES IN THE SOUTHERN DISTRICT OF NEW YORK (See M-10-468 Order filed November 1, 2011). This case is hereby designated for inclusion in the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York (the Pilot Project), unless the judge to whom this case is assigned determines otherwise. This case is designated for inclusion in the Pilot Project because it is a class action, an MDL action, or is in one of the following Nature of Suit categories: 160, 245, 315, 355, 365, 385, 410, 830, 840, 850, 893, or 950. The presiding judge in a case that does not otherwise qualify for inclusion in the Pilot Project may nevertheless designate the case for inclusion in the Pilot Project by issuing an order directing that the case be included in the Pilot Project. The description of the Pilot Project, including procedures to be followed, is attached to this Order. (Signed by Judge Loretta A. Preska on 10/31/2011) (jd) (Entered: 10/03/2013) |
| 10/04/2013 | 3 | ORDER: This case was previously designated for inclusion in the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York (the "Pilot Project"), IT IS HEREBY ORDERED that designation is hereby vacated. (Signed by Judge Jed S. Rakoff on 10/4/2013) (js) (Entered: 10/04/2013) |
| 10/04/2013 | 4 | NOTICE OF COURT CONFERENCE: A conference will be held on October 22, 2013, at the United States Courthouse, 500 Pearl Street, New York, New York in Courtroom 14-B at 11:00 a.m. Initial Conference set for 10/22/2013 at 11:00 AM in Courtroom 14B, 500 Pearl Street, New York, NY 10007 before Judge Jed S. Rakoff. (Signed by Judge Jed S. Rakoff on 10/4/2013) (js) (Entered: 10/04/2013) |
| 10/24/2013 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Initial Pretrial Conference held on 10/24/2013. (Kotowski, Linda) (Entered: 11/05/2013) |
| 11/11/2013 | 5 | NOTICE OF APPEARANCE by Mary Jane Yoon on behalf of Paris Baguette America, Inc. (Yoon, Mary Jane) (Entered: 11/11/2013) |
| 11/11/2013 | 6 | NOTICE OF APPEARANCE by Eric L. Unis on behalf of Paris Baguette America, Inc. (Unis, Eric) (Entered: 11/11/2013) |

| 11/14/2013 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Initial Pretrial Conference held on 11/14/2013. (Kotowski, Linda) (Entered: 11/21/2013) |
|---|---|---|
| 11/18/2013 | 7 | CIVIL CASE MANAGEMENT PLAN: This case is to be tried to a jury. Amended Pleadings due by 12/17/2013. Joinder of Parties due by 12/23/2013. Motions due by 3/7/2014. Responses due by 3/21/2014 Replies due by 3/28/2014. Deposition due by 2/28/2014. Discovery due by 2/28/2014. Oral Argument set for 1/3/2014 at 04:00 PM before Judge Jed S. Rakoff. Final Pretrial Conference set for 4/7/2014 at 04:00 PM before Judge Jed S. Rakoff. Motion to dismiss- moving papers-by November 18, 2013. Response by Plaintiff-by December 6, 2013. Reply by defendants-by December 16, 2013. Oral Argument on-January 3, 2014 at 4:00 p.m. (Signed by Judge Jed S. Rakoff on 11/14/2013) (js) (Entered: 11/18/2013) |
| 11/18/2013 | 8 | NOTICE OF APPEARANCE by Joshua Alexander Berman on behalf of Paris Baguette America, Inc. (Berman, Joshua) (Entered: 11/18/2013) |
| 11/18/2013 | 9 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Paris Baguette America, Inc.(Berman, Joshua) (Entered: 11/18/2013) |
| 11/18/2013 | 10 | MOTION to Dismiss. Document filed by Paris Baguette America, Inc. Responses due by 12/6/2013(Berman, Joshua) (Entered: 11/18/2013) |
| 11/18/2013 | 11 | MEMORANDUM OF LAW in Support re: 10 MOTION to Dismiss.. Document filed by Paris Baguette America, Inc. (Berman, Joshua) (Entered: 11/18/2013) |
| 11/18/2013 | | Set/Reset Deadlines: Ready for Trial by 4/14/2014. (js) (Entered: 12/10/2013) |
| 11/22/2013 | 12 | **FILING ERROR - DEFICIENT DOCKET ENTRY - FILER ERROR -** RULE 26 DISCLOSURE.Document filed by Paris Baguette America, Inc.(Yoon, Mary Jane) Modified on 11/26/2013 (kj). (Entered: 11/22/2013) |
| 11/25/2013 | 13 | RULE 26 DISCLOSURE.Document filed by Devorah Cruper - Weinmann.(Hamill, Bridget) (Entered: 11/25/2013) |
| 12/06/2013 | 14 | MEMORANDUM OF LAW in Opposition re: 10 MOTION to Dismiss.. Document filed by Devorah Cruper - Weinmann. (Hamill, Bridget) (Entered: 12/06/2013) |
| 12/16/2013 | 15 | REPLY MEMORANDUM OF LAW in Support re: 10 MOTION to Dismiss.. Document filed by Paris Baguette America, Inc. (Yoon, Mary Jane) (Entered: 12/16/2013) |
| 12/16/2013 | 16 | AFFIDAVIT of Dylan Y. Ahn in Support re: 10 MOTION to Dismiss.. Document filed by Paris Baguette America, Inc. (Yoon, Mary Jane) (Entered: 12/16/2013) |
| 12/16/2013 | 17 | AFFIRMATION of Mary Jane Yoon, Esq. in Support re: 10 MOTION to Dismiss.. Document filed by Paris Baguette America, Inc. (Attachments: # 1 Exhibit "A": Redacted Image of Receipt Plaintiff Received (Unredacted copy to be filed under seal), # 2 Exhibit "B": Gardner Complaint, # 3 Exhibit "C": Gardner Brief Opposing Defendant's Motion To Dismiss, # 4 Exhibit "D": Gardner Decision, # 5 Exhibit "E": Miller-Huggins Complaint, # 6 Exhibit "F": Miller-Huggins Brief Opposing Defendant's Motion To Dismiss, # 7 Exhibit "G": Miller-Huggins Decision, # 8 Exhibit "H": Komorowski Complaint, # 9 Exhibit "I": Komorowski Brief Opposing Defendant's Motion To Dismiss, # 10 Exhibit "J": Komorowski |

| | | |
|---|---|---|
| | | Decision, # 11 Exhibit "K": Seo Complaint, # 12 Exhibit "L": Seo Brief Opposing Defendant's Motion To Dismiss, # 13 Exhibit "M": Seo Decision)(Yoon, Mary Jane) (Entered: 12/16/2013) |
| 12/16/2013 | 18 | ORDER: Pursuant to this Court's telephonic Order of December 12,2013, the Court hereby grants defendant Paris Baguette America Inc. permission to file exhibits pertaining to its motion to dismiss under seal, to the extent that the documents contain protected or confidential information and provided that the defendant files redacted versions of such documents publicly. (Signed by Judge Jed S. Rakoff on 12/16/20113) (js) (Entered: 12/17/2013) |
| 12/16/2013 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 12/16/2013. (Kotowski, Linda) (Entered: 01/10/2014) |
| 12/17/2013 | 19 | SEALED DOCUMENT placed in vault.(nm) (Entered: 12/17/2013) |
| 12/17/2013 | 20 | AMENDED REPLY MEMORANDUM OF LAW in Support re: 10 MOTION to Dismiss.. Document filed by Paris Baguette America, Inc. (Yoon, Mary Jane) (Entered: 12/17/2013) |
| 01/06/2014 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Oral Argument held on 1/6/2014 re: 10 MOTION to Dismiss. filed by Paris Baguette America, Inc. (Kotowski, Linda) (Entered: 02/07/2014) |
| 01/16/2014 | 21 | ORDER granting 10 Motion to Dismiss. After careful consideration of the parties' briefing and arguments, and for reasons to be explained in a forthcoming written opinion, the Court hereby grants defendant's motion to dismiss. The Court stays the case until it issues an opinion explaining the reasons for this Order, at which time entry of final judgment will be ordered. The Clerk of the Court is directed to close document number 10 in the docket of this case. (Signed by Judge Jed S. Rakoff on 1/15/2014) (ft) (Entered: 01/16/2014) |
| 01/16/2014 | | Case Stayed (ft) (Entered: 01/16/2014) |
| 02/19/2014 | 22 | TRANSCRIPT of Proceedings re: CONFERENCE held on 1/6/2014 before Judge Jed S. Rakoff. Court Reporter/Transcriber: Alena Lynch, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/17/2014. Redacted Transcript Deadline set for 3/27/2014. Release of Transcript Restriction set for 5/23/2014.(Rodriguez, Somari) (Entered: 02/19/2014) |
| 02/19/2014 | 23 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 1/6/14 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days... (Rodriguez, Somari) (Entered: 02/19/2014) |
| 06/30/2014 | 24 | MEMORANDUM ORDER: The Court dismisses plaintiff's claims with prejudice because any attempt by plaintiff to replead her Complaint would be futile. The Court is convinced that plaintiff would not be able to plausibly plead a claim for willful violation of FACTA, even if she were given the opportunity to replead. |

| | | |
|---|---|---|
| | | Accordingly, the Court hereby grants defendant's motion to dismiss and directs entry of final judgment dismissing plaintiff's claims with prejudice. SO ORDERED. (Signed by Judge Jed S. Rakoff on 6/29/2014) (kgo) (Entered: 06/30/2014) |
| 06/30/2014 | | Transmission to Judgments and Orders Clerk. Transmitted re: 24 Order, to the Judgments and Orders Clerk. (kgo) (Entered: 06/30/2014) |
| 06/30/2014 | 25 | CLERK'S JUDGMENT: It is, ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Memorandum Order dated June 29, 2014, the Court dismissed Plaintiff's claims with prejudice because any attempt by Plaintiff to replead her Complaint would be futile. The Court is convinced that Plaintiff would not be able to plausibly plead a claim for willful violation of FACTA, even if she were given the opportunity to replead. The Court has granted Defendant's motion to dismiss and dismissed Plaintiff's claims with prejudice; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 06/30/2014) (Attachments: # 1 Right to Appeal, # 2 Right to Appeal)(km) (Entered: 06/30/2014) |
| 06/30/2014 | | Terminate Transcript Deadlines (km) (Entered: 06/30/2014) |
| 07/02/2014 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 7/2/2014. (Kotowski, Linda) (Entered: 07/21/2014) |
| 07/14/2014 | 26 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** FIRST MOTION for Reconsideration re: 25 Clerk's Judgment, 24 Order, *with Certificate of Service*. Document filed by Devorah Cruper - Weinmann. (Attachments: # 1 Supplement Memorandum of law supporting motion for reconsideration, # 2 Text of Proposed Order Proposed order, # 3 Exhibit A - Proposed First Amended Complaint)(Lee, Peter) Modified on 7/15/2014 (db). (Entered: 07/14/2014) |
| 07/15/2014 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Peter Y Lee to RE-FILE Document 26 FIRST MOTION for Reconsideration re; 25 Clerk's Judgment, 24 Order,** *with Certificate of Service.* **ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db)** (Entered: 07/15/2014) |
| 07/15/2014 | 27 | FIRST MOTION for Reconsideration re; 25 Clerk's Judgment,, 24 Order,, *with Certificate of Service*. Document filed by Devorah Cruper - Weinmann.(Lee, Peter) (Entered: 07/15/2014) |
| 07/15/2014 | 28 | FIRST MEMORANDUM OF LAW in Support re: 27 FIRST MOTION for Reconsideration re; 25 Clerk's Judgment,, 24 Order,, *with Certificate of Service*. . Document filed by Devorah Cruper - Weinmann. (Attachments: # 1 Exhibit A - Proposed First Amended Complaint)(Lee, Peter) (Entered: 07/15/2014) |
| 07/15/2014 | 29 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** FIRST MOTION for Reconsideration re; 27 FIRST MOTION for Reconsideration re; 25 Clerk's Judgment, 24 Order, *with Certificate of Service. Proposed Order*. Document filed by Devorah Cruper - Weinmann.(Lee, Peter) Modified on 7/16/2014 (db). (Entered: 07/15/2014) |
| 07/16/2014 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF DOCUMENT ERROR. Note to Attorney Peter Y Lee to E-MAIL Document** |

|            |    | **No. 29 Order to judgments@nysd.uscourts.gov. This document is not filed via ECF. (db)** (Entered: 07/16/2014) |
| ---------- | -- | ---------- |
| 07/21/2014 | 30 | MEMORANDUM OF LAW in Opposition re: 27 FIRST MOTION for Reconsideration re; 25 Clerk's Judgment,, 24 Order,, *with Certificate of Service. .* Document filed by Paris Baguette America, Inc. (Yoon, Mary Jane) (Entered: 07/21/2014) |
| 09/03/2014 | 31 | MEMORANDUM ORDER denying 27 Motion for Reconsideration. Accordingly, the Court hereby denies plaintiff's motion for reconsideration. The Clerk of the Court is hereby directed to close document number 27 in the docket of this case. SO ORDERED.(Signed by Judge Jed S. Rakoff on 9/02/2014) (ama) (Entered: 09/03/2014) |
| 10/01/2014 | 32 | NOTICE OF APPEAL from 31 Order on Motion for Reconsideration, 25 Clerk's Judgment,, 24 Order,,. Document filed by Devorah Cruper - Weinmann. Filing fee $ 505.00, receipt number 0208-10162109. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Frank, Marvin) (Entered: 10/01/2014) |
| 10/01/2014 |    | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 32 Notice of Appeal,. (nd) (Entered: 10/01/2014) |
| 10/01/2014 |    | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 32 Notice of Appeal, filed by Devorah Cruper - Weinmann were transmitted to the U.S. Court of Appeals. (nd) (Entered: 10/01/2014) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 10/07/2014 21:04:21 | | |
| **PACER Login:** | le1399:3152658:0 | **Client Code:** | XXXXXXXXXXXXXX |
| **Description:** | Docket Report | **Search Criteria:** | 1:13-cv-07013-JSR |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x
DEVORAH CRUPAR-WEINMANN,               :
individually and on behalf of all     :
others similarly situated,            :
                                      :
              Plaintiff,              :        13 Civ. 7013 (JSR)
                                      :
     -v-                              :
                                      :        ORDER
PARIS BAGUETTE AMERICA, INC. d/b/a    :
Paris Baguette,                       :
                                      :
              Defendant.              :
---------------------------------- x

JED S. RAKOFF, U.S.D.J.

        Plaintiff Devorah Crupar-Weinmann brings this action,

individually and on behalf of those similarly situated, against

defendant Paris Baguette America, Inc., alleging willful

violation of the Fair and Accurate Credit Transactions Act

("FACTA") of 2003, Pub. L. No. 108-159, 117 Stat. 1952 (codified

as amended in 15 U.S.C. § 1681c(g)), which amended the Fair

Credit Reporting Act. Specifically, plaintiff alleges that

defendant knowingly or recklessly violated FACTA by providing her

with a receipt that contained the full expiration date of her

credit card. Plaintiff, both for herself and on behalf of her

putative class, seeks statutory and punitive damages as

prescribed for willful violations under FACTA, as well as costs

and reasonable attorneys' fees.

        On November 18, 2013, defendant filed a motion to dismiss

the Complaint under Federal Rule of Civil Procedure 12(b)(6).

1

Defendant moves for dismissal primarily on the basis that the Complaint fails to plead sufficient facts to plausibly show that the defendant willfully violated FACTA. On January 6, 2014, following the parties' briefing, the Court heard oral argument on this motion.

After careful consideration of the parties' briefing and arguments, and for reasons to be explained in a forthcoming written opinion, the Court hereby grants defendant's motion to dismiss. The Court stays the case until it issues an opinion explaining the reasons for this Order, at which time entry of final judgment will be ordered. The Clerk of the Court is directed to close document number 10 in the docket of this case.

SO ORDERED.

Dated: New York, New York
January **|5**, 2014

JED S. RAKOFF, U.S.D.J.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x
DEVORAH CRUPAR-WEINMANN,                  :
individually and on behalf of all         :
others similarly situated,                :
                                          :
                    Plaintiff,            :        13 Civ. 7013 (JSR)
                                          :
        -v-                               :
                                          :        MEMORANDUM ORDER
PARIS BAGUETTE AMERICA, INC. d/b/a         :
Paris Baguette,                           :
                                          :
                    Defendant.            :
---------------------------------- x

JED S. RAKOFF, U.S.D.J.

        Plaintiff Devorah Crupar-Weinmann brings this action,

individually and on behalf of those similarly situated, against

defendant Paris Baguette America, Inc. ("Paris Baguette"),

alleging willful violation of the Fair and Accurate Credit

Transactions Act ("FACTA") of 2003, Pub. L. No. 108-159, 117

Stat. 1952 (codified as amended in 15 U.S.C. § 1681c(g)), which

amended the Fair Credit Reporting Act ("FCRA"). Specifically,

plaintiff alleges that defendant knowingly or recklessly violated

FACTA by providing her with a receipt that contained the full

expiration date of her credit card. Plaintiff, both for herself

and on behalf of her putative class, seeks statutory and punitive

damages as prescribed for willful violations under the Act, as

well as costs and reasonable attorneys' fees.

        On November 18, 2013, defendant filed a motion to dismiss

the Complaint under Federal Rule of Civil Procedure 12(b)(6).

1

Defendant moved primarily on the basis that the Complaint failed to plead sufficient facts to plausibly show that the defendant willfully violated FACTA.[1]

On January 15, 2014, following full briefing and oral argument, the Court granted defendant's motion to dismiss, but stayed the case until it had issued a written opinion explaining the reasons for its decision. This Memorandum Order reaffirms and explains the reasons for the Court's January 15 Order and directs entry of final judgment dismissing plaintiff's Complaint with prejudice.

On a Rule 12(b)(6) motion for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "a

---

[1] Defendant asserted two other grounds for at least partial dismissal of the Complaint. First, defendant argued that plaintiff failed to allege actual injury. Defendant's Memorandum of Law in Support of Motion to Dismiss ("Def. MTD Mem."), Nov. 18, 2013, at 4-5. However, plaintiff correctly notes that she only pursues damages based on a theory of willful violation, which does not require proof of actual injury. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Complaint, Dec. 6, 2013, at 11. Second, defendant contended that plaintiff failed to plead sufficient specific facts to sustain a putative class action claim, namely because of plaintiff's lack of specificity regarding Paris Baguette's practices at other stores or in other transactions. Def. MTD Mem., at 9. The Court does not reach this issue because it dismisses the Complaint in its entirety with prejudice on the ground that plaintiff has failed to plead a willful violation.

complaint need not include detailed factual allegations, it must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Retirement Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). A court should "accept[] all factual allegations as true and draw[] all reasonable inferences in favor of the plaintiff." *See, e.g., N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119 (2d Cir. 2013) (internal quotation marks omitted). However, merely offering "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Pension Benefit Guar. Corp.*, 712 F.3d at 717 (internal quotation marks omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Pension Benefit Guar. Corp.*, 712 F.3d at 718 (internal quotation marks and alterations omitted).

In relevant part, FACTA requires businesses that accept credit and debit cards to redact on customers' receipts all but the last five digits of the credit card's number, as well as the

3

card's expiration date. 15 U.S.C. § 1681c(g)(1). Congress's purpose in enacting the law was to prevent identity theft using information on discarded credit card receipts.

Damages under FACTA differ depending on whether noncompliance with the law was "negligent" or "willful." Damages for negligent noncompliance are limited to actual injuries suffered by the customer, such as from actual identity theft resulting from a discarded receipt. 15 U.S.C. § 1681o(a). As noted, however, plaintiff here is not claiming any actual damages. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Complaint, Dec. 6, 2013, at 11. By contrast, "[a]ny person who willfully fails to comply" with the law's requirements is liable for damages of between $100 and $1,000 per customer, as well as punitive damages. *Id.* § 1681n(a). Willfulness, in turn, encompasses both knowing and reckless violations of FACTA. *See Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 56-60 (2007) (interpreting the meaning of "willful" in the context of another violation of the FCRA); *see also, e.g.*, *Katz v. ABP Corp.*, 12-CV-4173, 2013 WL 2444605, *3 (E.D.N.Y. June 4, 2013). Thus, the question on this motion is whether plaintiff has adequately pleaded a willful violation.

The Complaint alleges the following: On September 19, 2013, plaintiff made a purchase at defendant's midtown Manhattan location, paid with a credit card, and received an electronically

4

printed receipt displaying the expiration date of her credit
card. Complaint, Oct. 2, 2013, ¶ 14. Plaintiff alleges that the
defendant owns and operates one restaurant in this District, four
others in the State of New York, and at least fifteen other
retail stores throughout the United States. *Id*. ¶ 15. At all
relevant times, defendant was a "'person that accepts credit
cards or debit cards for the transaction of business'" within the
meaning of FACTA. *Id*. ¶ 16 (quoting 15 U.S.C. § 1681c(g)(1)).

The Complaint also pleads the following facts that relate to
whether defendant's alleged violation was willful:

- "Defendant's conduct was willful, knowing or reckless, and
  Defendant failed, and continues to fail, to protect
  Plaintiff, and all others similarly situated, against
  identity theft and credit card and debit card fraud by
  issuing electronically printed receipts displaying the
  entire expiration dates of its customers' credit and debit
  cards." *Id*. ¶ 11.
- "In response to the passage of FACTA and the Clarification,
  businesses nationwide changed their debit and credit card
  processing machines so that the prohibited information would
  not be printed on receipts." *Id*. ¶ 30.
- "VISA, MasterCard, the PCI Security Standards Council — a
  consortium founded by VISA, MasterCard, American Express,
  and JCB — companies that sell cash registers and other
  devices for the processing of credit card and debit card
  payments, and other entities informed Defendant about FACTA,
  including its specific requirements concerning the
  truncation of credit card and debit card numbers and
  prohibition of the printing of expiration dates, and
  Defendant's need to comply with same." *Id*. ¶ 31.
- "FACTA requirements were also widely publicized among
  retailers." *Id*. ¶ 32.
- "In addition, the card issuing organizations required
  compliance with FACTA by contract, in advance of FACTA's
  mandatory compliance date. For example, the August 12, 2006,
  edition of 'Rules for Visa Merchants' (p. 62), which is
  distributed to and binding upon all merchants that accept

Visa-branded credit and debit cards, expressly requires that
'only the last 4 digits of an account number should be
printed on the customer's copy of the receipt' and the
'expiration date should not appear at all.' These statements
were accompanied by a picture of a receipt showing precisely
what had to be removed. VISA required compliance by July 1,
2006, five months ahead of the statutory deadline." *Id.*
¶ 33.

- "Defendant's knowledge of the FACTA requirements is also
  evidenced by its change to the credit and debit card
  receipts to remove all but the last three digits of the card
  number." *Id.* ¶ 34.
- "Defendant knew of the truncation requirement and
  prohibition of the printing of expiration dates or was
  reckless by not knowing about the requirement and the
  prohibition, in light of the information readily available
  to it." *Id.* ¶ 38.
- "Defendant accepts Discover, American Express, Visa and
  MasterCard branded credit and debit cards and, therefore, is
  a party to a contract requiring compliance with the
  foregoing requirements." *Id.* ¶ 39.
- "Defendant's use of software, devices and machines that
  print receipts in violation of FACTA was willful, knowing or
  reckless." *Id.* ¶ 40.

In addition, plaintiff brings claims on behalf of a putative

class, which she defines as follows:

> [A]ll persons or entities to whom Defendant
> provided an electronically printed receipt at the
> point of sale or transaction, in a sale or
> transaction occurring after June 3, 2008, which
> receipt displayed the expiration date of the
> customer's credit card or debit card. Excluded
> from the Class are the officers and directors of
> Defendant at all relevant times, members of their
> immediate families and their legal
> representatives, heirs, successors or assigns, and
> any entity in which Defendant has or had a
> controlling interest.

*Id.* ¶ 17.

In evaluating these allegations, the central question is

what plaintiff must plead to show a "knowing violation" under

6

FACTA. To judge from the above-quoted passages, plaintiff appears to suggest that a knowing violation can be inferred solely from the fact that a defendant knew of the relevant statute and then violated it. However, plaintiff fundamentally misreads what is required to show a knowing violation under FACTA.

In *Safeco Insurance Co. of America v. Burr*, the Supreme Court held that willfulness, for purposes of FACTA, requires either a knowing or reckless violation. *See* 551 U.S. 47, 56-60 (2007). While the *Safeco* decision focused primarily on reckless violations of FACTA, it relied significantly on – and cited approvingly of — two earlier Supreme Court decisions that interpreted the term "willful" in the context of other federal statutes. One of those earlier decisions, *Trans World Airlines, Inc. v. Thurston* ("*TWA*"), 469 U.S. 111 (1985), construed the meaning of "willful" in the Age Discrimination in Employment Act ("ADEA"), and elaborated on what constitutes a "knowing" violation of a statute. The *TWA* Court emphasized that it is insufficient for a plaintiff to simply show that a defendant "knew of the potential applicability of the ADEA" or that it knew that the statute was "in the picture." *TWA*, 469 U.S. at 127-28 (internal quotation marks omitted). Rather, the *TWA* Court required that the defendant "'know' that its conduct violated the Act." *Id.* at 129.

7

Even though *TWA* was decided in the context of an alleged violation of ADEA, its reasoning applies with equal force here, especially given the *Safeco* Court's reliance on *TWA* in interpreting the same term in FACTA that is at issue here — "willful." In fact, another district court, relying heavily on *TWA*, has applied same reasoning as to knowing violations under FACTA, *see Vidoni v. Acadia Corp.*, 11-CV-00448-NT, 2012 WL 1565128, at *3-4 (D. Me. Apr. 27, 2012), and this Court finds that court's reasoning persuasive in this case. Therefore, to survive defendant's motion to dismiss, plaintiff's Complaint must plead sufficient facts to support a plausible inference that defendant knew that its conduct was violating the statute, and not simply that defendant knew about the existence of the statutory provision at issue.

With this understanding of willfulness and of knowing violations, the Court now considers each relevant allegation in the Complaint to determine whether the defendant has plausibly pled willfulness:

Plaintiff's allegations in paragraphs 11, 38, and 40 are merely conclusory and therefore cannot support a finding of willfulness. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In addition, some of plaintiff's allegations, particularly those in paragraphs 30 and 32 of the Complaint, fail to establish either defendant's knowledge of FACTA or its knowing

8

or reckless noncompliance. These generic allegations are applicable to nearly all entities that are subject to FACTA's requirements and have been found inadequate even in a number of cases that postdate *Iqbal*'s heightened clarification of pleading requirements on a Rule 12(b)(6) motion to dismiss. *See, e.g.,* *Komorowski v. All-Am. Indoor Sports, Inc.,* No. 13-2177-SAC, 2013 WL 4766800, at *3-4 (D. Kan. Sept. 4, 2013); *Miller-Huggins v. SpaClinic, LLC,* No. 09 C 2677, 2010 WL 963924, at *2 (N.D. Ill. Mar. 11, 2010).

This leaves only the allegations contained in paragraphs 31, 33, 34, and 39 of the Complaint. These allegations are specific to this defendant, and they support an inference that defendant was aware of FACTA and its requirements. For example, paragraphs 33 and 39 together support an inference that defendant knew of FACTA's requirements as a result both of credit card companies' independent requirements that card-accepting merchants comply with FACTA's requirements and of defendant's status as card-accepting merchant. *See* Complaint, ¶¶ 33, 39.

However, even those four paragraphs of the Complaint, which are the only allegations that plausibly suggest that defendant knew about FACTA's requirements, do not support a plausible inference that defendant knew that it was *violating* FACTA. The allegations contained in paragraphs 31, 33, and 39 very clearly show only that defendant, at best, was aware of FACTA and its

9

requirements because it received information on FACTA compliance from credit card companies.

The closest plaintiff comes to establishing the requisite knowledge or recklessness is the allegation contained in paragraph 34 of the Complaint. Plaintiff alleges that defendant "change[d] . . . the credit and debit card receipts to remove all but the last three digits of the card number." Complaint, ¶ 34. This suggests that the defendant knew enough about FACTA to comply in part with the statute. However, even this fact, if accepted as true, does not plausibly suggest that plaintiff acted knowingly or recklessly to violate FACTA. Rather, the fact that defendant changed its credit card receipt to partially comply with FACTA's requirements renders implausible the claim that defendant was attempting to willfully evade FACTA's restrictions. Plaintiff neither alleges nor offers any reason for this Court to plausibly infer that the defendant would know about FACTA's requirements and change its credit card receipt to comply with one portion of FACTA, but would intentionally, knowingly, or recklessly choose not remove the expiration date. At best, the allegation in paragraph 34 supports an inference that defendant *negligently* violated FACTA, which does not suffice to state a claim in a case such as this, in which plaintiff does not allege actual damages. *See* 15 U.S.C. § 1681o(a).[2]

---

[2] Plaintiff also fails to plausibly plead that defendant acted

Finally, the Court dismisses plaintiff's claims with prejudice because any attempt by plaintiff to replead her Complaint would be futile. *See, e.g., Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). At oral argument, the Court asked plaintiff's counsel whether any additional evidence of willfulness existed, even if it was not pleaded in this Complaint. *See* Tr., Jan. 6, 2014, at 14:8-:11, 15:12-:18. Counsel responded that, if given the opportunity to do so, plaintiff would assert, as further evidence of willfulness, that defendant's insurance company sent a letter indicating that it would not insure damages resulting from any violations by defendant of FACTA because the defendant and insurer had negotiated such an exception to coverage. *See id.* at 14:12-:20, 15:19-16:10. Again, this evidence could plausibly support an inference that defendant was aware of the requirements of FACTA, but, as the Court has already made clear, evidence of defendant's knowledge of the statute in question, without anything more, fails to plausibly show that the defendant knowingly or recklessly violated the statute. The Court is convinced that

---

recklessly because there is no evidence that defendant made a decision to put the credit card expiration date on its receipts as the result of an objectively unreasonable interpretation of the statute. *See, e.g., Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 68-70 (2007). In fact, there is no suggestion at all in the Complaint that defendant consciously included the expiration date on its receipts, much less that it did so on an unreasonably mistaken belief that the statute did not require removal of those dates.

plaintiff would not be able to plausibly plead a claim for willful violation of FACTA, even if she were given the opportunity to replead.

Accordingly, the Court hereby grants defendant's motion to dismiss and directs entry of final judgment dismissing plaintiff's claims with prejudice.

SO ORDERED.

Dated: New York, New York
       June 29, 2014

_____
JED S. RAKOFF, U.S.D.J.

USDC SDNY

DOCUMENT

ELECTRONICALLY FILED 06/30/2014

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
Devorah Crupar-Weinmann,
individually and on behalf of all others
similarly situated,

       Plaintiff,       13 **CIVIL** 7013 (JSR)

  -against-          **JUDGMENT**

Paris Baguette America, Inc., d/b/a
Paris Baguette,

       Defendant.
----------------------------------------------------------X

   Defendant having moved to dismiss the complaint (Doc. #10) pursuant to Fed. R. Civ. P. 12(b)(6) primarily on the basis that the Complaint failed to plead sufficient facts to plausibly show that Defendant willfully violated the Fair and Accurate Credit Transactions Act ("FACTA"), and the matter having come before the Honorable Jed S. Rakoff, United States District Judge, and the Court, on June 29, 2014, having rendered its Memorandum Order (Doc. #24), the Court is dismissing Plaintiff's claims with prejudice because any attempt by Plaintiff to replead her Complaint would be futile. The Court is convinced that Plaintiff would not be able to plausibly plead a claim for willful violation of FACTA, even if she were given the opportunity to replead. Accordingly, the Court is granting Defendant's motion to dismiss and directing the entry of final judgment dismissing Plaintiff's claims with prejudice, it is,

   **ORDERED, ADJUDGED AND DECREED:**  That for the reasons stated in the Court's Memorandum Order dated June 29, 2014, the Court dismissed Plaintiff's claims with prejudice because any attempt by Plaintiff to replead her Complaint would be futile. The Court is convinced that Plaintiff would not be able to plausibly plead a claim for willful violation of FACTA,

even if she were given the opportunity to replead.  The Court has granted Defendant's motion to

dismiss and dismissed Plaintiff's claims with prejudice; accordingly, the case is closed.

**Dated:**  New York, New York
       June 30, 2014

                                      **RUBY J. KRAJICK**

                                        **Clerk of Court**

                **BY:**          *K. Mango*

                                          **Deputy Clerk**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- x
DEVORAH CRUPAR-WEINMANN,               :
individually and on behalf of all      :
others similarly situated,             :
                                       :
               Plaintiff,              :        13-cv-7013 (JSR)
                                       :
     -v-                               :
                                       :        MEMORANDUM ORDER
PARIS BAGUETTE AMERICA, INC. d/b/a     :
Paris Baguette,                        :
                                       :
               Defendant.              :
----------------------------------- x

JED S. RAKOFF, U.S.D.J.

     Plaintiff Devorah Crupar-Weinmann brought this action,

individually and on behalf of those similarly situated, against

defendant Paris Baguette America, Inc. ("Paris Baguette"),

alleging willful violation of the Fair and Accurate Credit

Transactions Act ("FACTA") of 2003, Pub. L. No. 108-159, 117

Stat. 1952 (codified as amended in 15 U.S.C. § 1681c(g)), which

amended the Fair Credit Reporting Act ("FCRA"). In her Complaint,

plaintiff alleged that defendant knowingly or recklessly violated

FACTA by providing her with a receipt that contained the full

expiration date of her credit card.

     Defendant then moved to dismiss the Complaint under Federal

Rule of Civil Procedure 12(b)(6), primarily on the basis that the

Complaint failed to plead sufficient facts to plausibly show that

the defendant willfully violated FACTA. On January 15, 2014,

following full briefing and oral argument, the Court granted

defendant's motion to dismiss, but stayed the case until it had issued a written opinion explaining the reasons for its decision. *See* Order, Jan. 15, 2014 ("January 15 Order"), at 2. On June 29, 2014, the Court issued its Memorandum Order reaffirming and explaining the reasons for the January 15 Order and directed entry of final judgment dismissing plaintiff's Complaint with prejudice. *See* Memorandum Order, June 29, 2014 ("June 29 Memorandum Order"), at 2, 12.

Plaintiff, with leave of this Court, now moves for reconsideration of the Court's decision on two grounds — first, that the Court misconstrued the pleading standard required to sufficiently state a claim for a willful violation under FACTA, and second, that the Court erred in dismissing the Complaint with prejudice and in denying leave to plaintiff to file an amended complaint.

A motion for reconsideration may be granted if the moving party can point to "data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Nat'l Immigration Project of the Nat'l Lawyers Guild v. U.S. Dep't of Homeland Sec.*, 11-cv-3235, 2013 WL 1947362, at *2 (S.D.N.Y. May 7, 2013) (internal quotation marks omitted). Typically, a court will deny such a motion "unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear

error or prevent a manifest injustice." *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (internal quotation marks omitted).

After fully considering the parties' briefing, the Court denies plaintiff's motion for reconsideration in full for the following reasons.

First, the Court elaborates on why the plaintiff failed to adequately plead that defendant acted recklessly in violating the requirements of FACTA. As the Supreme Court made clear in *Safeco Insurance Company of America v. Burr*, "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." 551 U.S. 47, 69 (2007). Notwithstanding plaintiff's attempts to import a lower standard of mere negligence, the Court finds that the plaintiff has pleaded no facts that make it plausible that defendant was anything other than "merely careless" in not complying with the statute. As the Court explained in its June 29 Memorandum Order, the allegations in the Complaint show, at best, that defendant knew of the statute and acted carelessly in not complying with it. *See* June 29 Memorandum Order, at 8-10.

3

As for plaintiff's second argument, the amendments that plaintiff proposes to her original Complaint illustrate exactly why this Court chose to dismiss her claim with prejudice instead of granting leave to file an amended complaint. The new allegations included in the proposed amended complaint either are merely conclusory or do not plausibly suggest that defendant acted more than negligently in not complying with FACTA's requirements. For example, the allegations about the number of words with which defendant complied simply illustrate yet again that defendant at most acted merely carelessly in its reading of the statute. *See* Memorandum of Law in Support of Plaintiff's Motion for Reconsideration of the Court's June 30, 2014 Order and Leave to File the Proposed First Amended Complaint, July 15, 2014, Ex. A ("Proposed Amended Complaint"), ¶¶ 63-64; *see also Safeco*, 551 U.S. at 69. Additionally, the allegation in paragraph 65 of the proposed amended complaint — that "Paris Baguette's failure to suppress the expiration date was reckless because it was an action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should have been [sic] known'" — is merely a legal conclusion and therefore must be disregarded. Proposed Amended Complaint, ¶ 65 (quoting *Safeco*, 551 U.S. at 68); *see also, e.g., Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Retirement Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013).

4

Finally, as discussed in the Court's June 29 Memorandum Order, the allegations relating to insurance coverage do nothing more than show that defendant knew of FACTA's requirements, without demonstrating reckless or knowing violation of those requirements. *See* June 29 Memorandum Order, at 11-12. No conclusory allegation to the contrary — particular one that lacks any causal connection to the plaintiff's injury — will suffice to plausibly support an allegation of recklessness. *See* Proposed Amended Complaint, ¶ 70. Without any further explanation as to how defendant acted more than carelessly, any attempt by plaintiff to amend her complaint would be futile. *See Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Accordingly, the Court hereby denies plaintiff's motion for reconsideration. The Clerk of the Court is hereby directed to close document number 27 in the docket of this case.

SO ORDERED.

Dated: New York, New York
      September 2, 2014

JED S. RAKOFF, U.S.D.J.

E16QweiC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  DEVORAH CRUPER-WEINMANN

4               Plaintiff

5          v.                              13 CV 7013 (JSR)

6  PARIS BAGUETTE AMERICA

7               Defendant

8  ------------------------------x
                                       New York, N.Y.
9                                      January 6, 2014
                                       1:00 p.m.
10
   Before:
11
                      HON. JED S. RAKOFF
12
                                       District Judge
13
                         APPEARANCES
14

15

16 FRANK & BIANCO
        Attorneys for Plaintiffs
17 MARVIN FRANK
   BRIDGET HAMILL
18

19 TROUTMAN SANDERS LLP
        Attorney for Defendant
20 ERIC L. UNIS
   JOSHUA BERMAN
21 MARY JANE YOON

22

23

24

25

1                    (In open court; case called)

2              THE DEPUTY CLERK:  Will the parties please identify

3      themselves for the record.

4              MR. FRANK:  Marvin Frank and Bridget Hamill from Frank

5      & Bianco for the plaintiff.

6              THE COURT:  Good morning.

7              MR. BERMAN:  Josh Berman, Troutman Sanders for

8      defendants Paris Baguette.

9              With me at counsel table are my colleagues Mary Jane

10     Yoon and Eric Unis.  I also want to introduce to the Court

11     Mr. Ujin Shin and Dylan Ahn, who are the general manager and

12     vice-president respectively for Paris Baguette.

13             THE COURT:  Good morning.  Please be seated.

14             We are here on the motion to dismiss.  Let me hear

15     first from moving counsel.

16             MR. BERMAN:  Thank you, sir.

17             Good morning, Judge Rakoff.

18             This is a purported FACTA class action.  The law

19     itself, FACTA makes an express distinction between two

20     categories of violation.  There are expressly denominated

21     willful violations of the law.  There is a separate connect, by

22     the way, reflected in Section 1681 of Subsection N of the

23     statute.  There are also an entirely separate category of

24     violations that are denominated by FACTA itself as negligent

25     violations.  That is reflected in Section 16810.

E16QweiC

| | |
|---|---|
| 1 | THE COURT:  So, it seems to me there are two issues |
| 2 | here:  One is whether they plausibly pled willfulness, and the |
| 3 | other is whether they asserted any basis for a class action as |
| 4 | opposed to an individual action.  Taking the first, they allege |
| 5 | that there was partial compliance with FACTA but not total. |
| 6 | So, that indicates that your client was aware of the law, but |
| 7 | failed to comply with it in some respect, and their argument, |
| 8 | as I understand it, is that more likely than not that was a |
| 9 | knowing and willful decision. |
| 10 | MR. BERMAN:  Let me address that, your Honor. |
| 11 | I do think it has to be addressed together with the |
| 12 | other paragraphs in the complaint that purport to address |
| 13 | willfulness.  So, as I understand their argument, and to |
| 14 | sharpen the facts, of the 12 digits on the plaintiff's credit |
| 15 | card, Ms. Cruper-Weinmann's, nine were redacted in entirety and |
| 16 | only three were left visible.  Now, FACTA -- unbeknownst to my |
| 17 | clients, FACTA only requires the redaction of the first seven |
| 18 | digits.  In fact, FACTA permits five of the credit card digits |
| 19 | to be unredacted, to be out in the open. |
| 20 | The argument is that my client's overcompliance with |
| 21 | the redaction requirement as it relates to the credit card |
| 22 | number is ipso facto evidence of my client's willfulness with |
| 23 | respect to their technical noncompliance as to the expiration |
| 24 | date portion of the receipt. |
| 25 | Now, for what it's worth in our view, Judge Rakoff, |

E16QweiC

1    that is just a logical fallacy.  It is not correct that my

2    clients were aware of FACTA, and it's not correct that the

3    overcompliance, as it were, with redacting the credit card

4    number shows their intentionality or willfulness with respect

5    to the expiration date; but there is a kind of corollary to

6    that, which is that that allegation, logically flawed as we

7    believe it is, is paired in the complaint or succeeds four

8    paragraphs that relate to the broader history of the enactment

9    of FACTA.

10        FACTA was widely published by merchants in 2006.  The

11   Visa credit card terms of use contain some fine print relating

12   to FACTA.  In 2003, a variety of senders made speeches relating

13   to FACTA.  Now, at all of those times, my client didn't exist.

14   Paris Baguette did not open in the United States until after

15   all of the hoopla that surrounded the enactment of the law, and

16   the implementation of the law had already occurred.

17        So this is a company, quite successful in Korea, that

18   decided to establish a chain here in the United States.  What

19   happened is they came over here.  The first store opened in

20   '07, and they used essentially the same programming partner,

21   which is a Korean company, respected Korean company that is

22   known obviously for complying with the applicable privacy laws,

23   and they were able to engineer a situation where the -- it's

24   called the point of sale system -- or the cash register itself

25   could accept credit cards rather than having a separate credit

E16QweiC

1    card terminal.  And, thereby, at the end of the day, that was a

2    great solution because they didn't have to take the receipt

3    from the credit card.

4              THE COURT:  All the stuff you are telling me, this is

5    a motion to dismiss, right?

6              MR. BERMAN:  Yeah, so --

7              THE COURT:  So you can't tell me any of that.

8              MR. BERMAN:  So, even putting separate and aside from

9    that entirely, let me read or let me identify for the Court,

10   respectfully, the way that other federal courts had treated

11   precisely the allegations they make here that compliance was

12   part of the statute is ipso facto evidence of willfulness, not

13   just a non-party --

14             THE COURT:  I'm familiar with those cases.  I get the

15   gist, and I apologize for cutting you off, but I think I need

16   to hear from your adversary, and we will come back to you on

17   that.

18             MR. BERMAN:  Thank you, Judge.

19             MR. FRANK:  Good morning, your Honor.

20             THE COURT:  So, if we have here a partial

21   compliance -- your adversary says it's overcompliance, but, in

22   any event, partial compliance/partial noncompliance, why in the

23   world does that give rise to a reasonable, plausible inference

24   of willfulness?  Why isn't it just the opposite; that there is

25   no motive, there is no reason why they would comply with part

E16QweiC

1    and not with the other part?

2              MR. FRANK:  I think that recklessness is part of

3    willfulness.  I think all the courts hold that, and when you

4    look at *Safeco*, it holds that.  What you're looking for --

5              THE COURT:  What do you mean by recklessness?

6              MR. FRANK:  Recklessness is different than actual

7    knowledge.  You don't need actual knowledge.  You need to be

8    able to just get it wrong not through negligence, but, you see

9    it a lot in securities, right?  In securities law --

10             THE COURT:  I'm very familiar with it in securities

11   law, and I don't think -- I don't see where you pled what it's

12   referred to in securities law or the real origin of the term in

13   modern judicial parlance is the model penal code.  And what it

14   refers to is a willful blindness.  Where do you plead willful

15   blindness?

16             MR. FRANK:  I believe that they were either willfully

17   blind or knowingly blind.  In paragraph 30, the language say

18   they had contracts with -- they had contracts with Visa,

19   MasterCard, American Express and the other credit card

20   companies that required them to comply with FACTA.

21             THE COURT:  But the point is -- maybe I wasn't clear

22   on the question I was putting to you.  If there had been total

23   noncompliance with FACTA, and you could show or fairly allege

24   that they were told repeatedly that you should comply with

25   FACTA and they didn't, that would support willfulness.  I don't

E16QweiC

1    even know you'd have to go to recklessness, but assuming

2    recklessness in the model penal code sense was part of it, it

3    would probably support that.  But that's not what we have here.

4            What we have here is partial compliance but not total

5    compliance.  That sounds like negligence.  Why in the world --

6    what motive would they have to comply with the part that they

7    did comply with but not comply with the part that you allege

8    they should have complied with?  That is just -- you know, they

9    blew it in terms of negligence, but how can you infer

10   willfulness from that?

11           MR. FRANK:  Every case that both defendant and

12   plaintiff had cited to have had this partial compliance.

13   Defendants cases are --

14           THE COURT:  Well, I'm not bound by any of those cases.

15   I'm asking the question as a question of what plausible

16   inferences can be drawn from your allegations?

17           MR. FRANK:  I think that the only inference -- I don't

18   know what the motive is.  I can't give them or attribute to

19   them a motive because I just don't know anything like that, and

20   I haven't had discovery.  On the other hand -- and I'm not sure

21   that there is a motive.  I don't know at this point in time.

22   On the other hand, certainly they knew about FACTA because they

23   did have this partial compliance.  That's where cases generally

24   go; that they know about FACTA, therefore, there should be full

25   compliance, not partial compliance, because it is utterly clear

E16QweiC

1    that you are not allowed to print the expiration date.

2         It just it seems to me at that point that the exact

3    knowledge that you cannot print anything more than five, the

4    last five digits of the credit card/debit card number, and

5    you're not allowed to print FACTA.  And I could go into why

6    they knew they're not allowed to print the expiration date.

7    You know, we have those, or why they would want to comply with

8    one of the two requirements -- and they are independent

9    requirements -- I can't answer that.

10        THE COURT:  I have the gist of your argument.

11        Let me ask you then a different question.  Assuming

12   arguendo you would survive a motion to dismiss, why should this

13   be a class action?

14        MR. FRANK:  The argument that the defendants made is

15   that there was one person, one receipt in one of their stores,

16   and that there is no overt allegations.  That's exactly what a

17   class action is meant to do.  That's what a class action is all

18   about; that you have a representative party who represents all

19   the absent class members who suffered the same fate as the

20   aggrieved party.

21        THE COURT:  What's your basis for believing that

22   anyone suffered the same fate?  If you have a classic class

23   action, like a securities fraud where if the proxy statement

24   sent to a million shareholders was false, then a million

25   shareholders were likely injured.  Or in a discrimination class

1    action, if someone was discriminated against because of some

2    discriminatory employment policy, then there is every reason to

3    believe that everyone of the protected class was discriminated

4    against.  But here you don't have anything like that, do you?

5              MR. FRANK:  You have a computer system.  These point

6    of sales computer systems that printed out the receipt that was

7    given to the plaintiff at the time of the sales transaction is

8    a computer system that does the same thing over and over and

9    over again.  It's a question of how many stores there are.  I

10   said, I think in the complaint, at least 20.  Then I said in

11   the opposition brief 30 because I counted from the website.

12   Then there is an affidavit that came back that it's 12 or 14.

13   There's a lot of stores.  It's a big Korean chain that owns a

14   lot of Dunkin' Donuts franchises and other things that are

15   supposed to know what they're doing.  Their computer system

16   produces the same receipt over and over and over again.

17             THE COURT:  OK.  That clarifies it.

18             Thank you very much.  I want to hear briefly from your

19   adversary in rebuttal.

20             MR. BERMAN:  Thank you, Judge Rakoff.

21             As to the first issue, on the question of willfulness

22   and why an inference of willfulness plausibly arises or doesn't

23   plausibly arise here, the argument that the plaintiff is making

24   would quite literally write the possibility of a negligent

25   violation out of the statute entirely, and --

E16QweiC

1          THE COURT:  No, no, no, because this is just on a

2     motion to dismiss, and your adversary says there are cases out

3     there that say that context is a plausible inference, and by

4     the end of discovery it may have been erased, and on summary

5     judgment, there may be nothing left of negligence, but this is

6     a motion to dismiss.

7          MR. BERMAN:  So on the law that there are cases out

8     there that accept this inference as evidence of ipso facto

9     willfulness, that is absolutely incorrect; and I rely for that

10    assertion on the precedent cited in the brief.  I can recite

11    them to your Honor now.

12         THE COURT:  No, that's OK.

13         MR. BERMAN:  There is a statement that was made in the

14    *Garber* case, that goes directly to this issue.  It was on a

15    motion to dismiss, just as this case was here.  The court

16    essentially said, you know -- it's interesting, we tried to

17    make sense of the law, and there is no question that in the

18    reported FACTA decisions, there has been a clear shift and the

19    dividing line in the reported decisions is the Iqbal/Twombly

20    line of cases.  The pre-Iqbal and Twombly cases which were

21    reported in 2007, some in 2008, permitted extraordinarily

22    bare-bones complaints to go forward.

23         The post Iqbal cases, *Komorowski*, *Miller-Huggins*, and

24    the *Seo* case, maybe most poignantly, the *Garber* decision, have

25    dismissed complaints that are virtually verbatim with this

E16QweiC

 1    complaint, and, in fact, incorporate the precise kind of

 2    misinference that --

 3              THE COURT:  Did you want to say anything on the class

 4    certification question to the extent it's before me at this

 5    point?

 6              MR. BERMAN:  Only very briefly, sir, if I may.

 7              I agree entirely with your Honor that there is no

 8    allegation in the complaint that relates to the kind of classic

 9    class action scenario.

10              THE COURT:  They say it's a computer -- there is every

11    reason to believe that this computer program was used across

12    the board.

13              MR. BERMAN:  But there isn't every reason to believe

14    that.  In fact, there are differences with the way particular

15    stores are set up.  For instance -- and, again, this gets into

16    some factual questions, but we get the --

17              THE COURT:  I can't consider anything that is not

18    fairly contained in the complaint.

19              MR. BERMAN:  In order to reach the conclusion of a

20    proper class, the Court would have to accept plaintiff's

21    counsel's representation that the computer system is the same

22    or there's an inference the computer system is the same across

23    Paris Baguette stores.  That's just made up.

24              The reality is some stores have a terminal that can

25    both take the receipt and process the credit card.  Other

E16QweiC

1  stores have a credit card terminal that is provided by a

2  different vendor.  The point is in order to get there --

3         THE COURT:  I get the point.  I apologize to both

4  counsel for keeping you on a fairly short leash, but I had a

5  particularly full calendar today.  This was a very helpful

6  argument for both sides.

7         So, I will take the matter under advisement.  I will

8  get you at least a bottom-line decision no later than

9  January 20, two weeks from today.  It may be a full opinion.

10 If it is not, a full opinion will follow, but at least you will

11 know the bottom line, and then you can continue or not as to

12 depending which way the court decides.

13        MR. BERMAN:  Judge Rakoff, if I may, there is one

14 other issue that I think is properly addressed today.  Very

15 quickly.

16        THE COURT:  Go ahead.

17        MR. BERMAN:  When we last spoke, we spoke by

18 teleconference on November 14.  What we had asked for on behalf

19 of Paris Baguette was a stay of discovery pending the Court's

20 disposition on our motion to dismiss.  I believe I'm stating

21 this entirely correctly, I hope the Court agrees with my

22 recollection, but what your Honor did, is you said to

23 plaintiff's counsel, look, I don't stay discovery.  It's not my

24 practice to do that.  I'm going to give you a choice.  Either

25 you can consent to a stay of discovery, or if you don't, I'm

E16QweiC

1    going to enter the scheduling order before me, and I'm going to

2    put everybody on an expedited briefing schedule and an

3    expedited oral argument schedule.

4         And plaintiff's counsel opted for option B.  We went

5    on a very expedited schedule.  We're here for oral argument in

6    approximately six weeks.

7         The case management plan that your Honor entered on

8    November 14 set forth a final date for serving document

9    requests and interrogatories on December 17.

10        THE COURT:  Yes.

11        MR. BERMAN:  That was an order of the court.  And the

12   plaintiffs just didn't comply with it.  We were not served with

13   discovery requests on that date.  In fact, we were not served

14   with discovery requests in compliance for several days later.

15   Paris Baguette did comply.  Unfortunately, the Court said no

16   stay.  We did comply, and we think it is not unrelated to the

17   matter in which this is --

18        THE COURT:  So, here I think -- without getting into

19   whether they complied or didn't comply -- I think the following

20   makes sense, since I am going to decide this within two weeks:

21        All discovery is stayed in all respects for between

22   now and January 20.  If I dismiss the case on January 20,

23   obviously, that's the end of that.

24        If I deny the motion on January 20, then counsel

25   should immediately jointly call my chambers, and we will reset

E16QweiC

1    the discovery schedule in a way that makes sense for both sides

2    without any arguments about waiver or anything like that.  We

3    will just reset the whole schedule.  OK?

4               MR. FRANK:  Your Honor, if I may have one minute?  As

5    far as the January 20 -- obviously, I disagree with what

6    counsel said.

7               THE COURT:  I know.  That's why I cut off that.

8               MR. FRANK:  As far as what happens on January 20, I

9    just hope if the case is dismissed we're given leave to

10   replead.

11              THE COURT:  What else would you plead?

12              MR. FRANK:  Well, the one thing that was a fact that I

13   did put in the opposition brief that is not in the complaint,

14   and is improperly in the opposition brief, that after the

15   complaint was filed, we received a letter from Paris Baguette's

16   insurance company stating that there was no insurance coverage

17   because the company had negotiated an insurance policy with a

18   specific FACTA exclusion.  So, therefore, it's utterly clear

19   that senior management of Paris Baguette was aware of FACTA

20   in --

21              THE COURT:  Let me just say this:  Notwithstanding

22   defense counsel's argument, I think the complaint as it

23   presently stands raises a plausible inference that Paris

24   Baguette was fully aware of FACTA.  So, that's not going to be

25   the issue.

E16QweiC

1          The issue what is willfulness, and whether or not it

2     has been pled there.  That's why I asked you, is there anything

3     else you had on that issue that you wanted to plead.

4          I understand this is -- every plaintiff's counsel in

5     the world has been put in this bind by Iqbal and Twombly, like

6     I asked you before about motive, and you correctly said, we

7     don't know what their motive was, if any, we would only find

8     that out in discovery.  Agreed.  But that is, unfortunately,

9     not the end of the issue because I have to -- while motive is

10    not an element, I am just giving that as an example.  I have to

11    decide this on what you presently know and can fairly plead.

12    So, you may have pled enough.  What I am asking is there

13    anything else you would have pled, and what you are telling me

14    is you would have pled more about their knowledge of FACTA.

15    I'm saying you don't have to do that because I think you've

16    pled enough on that already.  That issue can survive dismissal.

17    The issue is willfulness.  Is there anything else you would

18    have pled on willfulness?

19         MR. FRANK:  The reason I threw in the insurance policy

20    is the cases that allowed the FACTA decision to go forward, the

21    FACTA cases to go forward, all looked towards information that

22    went to the specific defendants and not the general -- there

23    are a lot of cases out there, don't get me wrong, *Dover*, and I

24    think *Katz* that allow general information, especially after ten

25    years, for those cases to go forward, denied on a motion to

E16QweiC

1    dismiss.

2          But there are other cases, like *Troy* and *In Re: TJX*

3    that required a specific piece of knowledge that was given to

4    that defendant about FACTA.  So, I did say in paragraph 39 of

5    the complaint that the company was made aware by the contract

6    with the credit card issuing companies, they're a requirement,

7    and now this insurance company thing, that something that went

8    directly to the company that made it plausible was that they

9    willfully refused to follow the FACTA law.  So, that is why I

10   threw it in there.

11         THE COURT:  All right.  I will factor into my ruling

12   on the 20th that -- of course, I have no idea yet where I am

13   coming out on the merits, so to speak; but if I come out

14   against you, I will then consider whether based on what you

15   just told me I would allow an amended complaint or not.

16         So, thank you for raising that.

17         MR. BERMAN:  Judge, if I may just have a word about

18   this insurance communication?  I have to, for no other reason

19   than to protect the record, I understand the Court will

20   consider it as it will consider it, but the communication in

21   question was sent in error by my client's insurance company who

22   misunderstood which counsel which represented which party, and

23   it is quite distressing --

24         THE COURT:  That may be, but that is certainly not

25   something I can consider.  If they can plead it, as they

E16QweiC

1      represented they can --

2              MR. BERMAN:  They certainly couldn't plead it when

3      they filed this complaint.

4              THE COURT:  Well, as I understand it, they can plead

5      the receipt of this letter.  You are saying the letter was sent

6      in error.  That may be.  That may not be.  It's neither here

7      nor there.

8              MR. BERMAN:  What I am saying it's sent by counsel for

9      the insurer to who they believe to be counsel to the plaintiff,

10     and it ought not be admissible because it should have been

11     clawed back.  We immediately sent a letter -- I don't remember

12     honestly if it was letter or email --

13             THE COURT:  I hear you.  Very good.  Thanks very much.

14             (Adjourned)

15

16

17

18

19

20

21

22

23

24

25