# 14-3709-cv

# United States Court of Appeals

*for the*

## Second Circuit

———————◆———————

DEVORAH CRUPER-WEINMANN,
Individually and on behalf of all others similarly situated,

*Plaintiff-Appellant,*

– v. –

PARIS BAGUETTE AMERICA, INC., doing business as Paris Baguette,

*Defendant-Appellee.*

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR PLAINTIFF-APPELLANT

FRANK & BIANCO LLP
*Attorneys for Plaintiff-Appellant*
275 Madison Avenue, Suite 705
New York, New York 10016
(212) 682-1853

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Rule 26.1 of the Federal Rules of Appellate Procedure does not apply because plaintiff-appellant is not a "corporate party."

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. iii

STATEMENT OF JURISDICTION ........................................................ 1

STATEMENT OF ISSUES ................................................................. 3

STATEMENT OF THE CASE ............................................................. 4

SUMMARY OF ARGUMENT ............................................................. 7

STANDARD OF REVIEW ................................................................ 14

LEGAL ARGUMENT ...................................................................... 16

THE DISTRICT COURT ERRED IN FINDING THAT NO WILLFUL
FACTA VIOLATION HAS BEEN PLEADED ........................................ 16

    A.    The Trial Court erred in determining that Crupar did not
          adequately plead a willful violation of FACTA .................................. 16

    B.    The Trial Court's standard eliminates FACTA enforcement ............ 23

    C.    The lower court failed to consider whether defendant-
          appellee recklessly violated FACTA ................................................. 26

CONCLUSION ............................................................................. 35

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Allaire Corp. v. Okumus*,
    433 F.3d 248 (2d Cir. 2006) .........................................................................14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................14

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................14

*Buechler v. Keyco, Inc.*,
    No. 09-CV-02948 2010 U.S. Dist. LEXIS 40197
    (D. Md. April 22, 2010).................................................................................21

*Caiola v. Citibank, N.A.*,
    295 F.3d 312 (2d Cir. 2002) .........................................................................14

*Chambers v. Time Warner Inc.*,
    282 F.3d 147 (2d Cir. 2002) .........................................................................14

*Clark v. Marshalls of MA, Inc.*,
    No. CV 06-8135 ABC (SHx), 2007 WL 1100412
    (C.D. Cal. Mar. 12, 2007).................................................................... 20-21

*Ehrenfeld v. Mahfouz*,
    489 F.3d 542 (2d Cir. 2007) .........................................................................14

*Ehrheart v. Lifetime Brands, Inc.*,
    498 F. Supp. 2d 753 (E.D. Pa. 2007).............................................................20

*Farmer v. Brennan*,
    511 U.S. 825 (1994).......................................................................................11

*Follman v. Hospitality Plus of Carpentersville, Inc.*,
    532 F. Supp. 2d 960 (N.D. Ill. 2007)..............................................................20

*Fullwood v. Wolfgang's Steakhouse, Inc.*,
    No. 13 Civ. 7174, 2014 WL 6076733
    (S.D.N.Y. Nov. 14, 2014)....................................................................*passim*

*Iosello v. Leiblys, Inc.*,
    502 F. Supp. 2d 782 (N.D. Ill. 2007)..............................................................20

iii

*Katz v. ABP Corporation*,
  No. 12-CV-04173, 2013 U.S. Dist. LEXIS 78476
  (E.D.N.Y. June 4, 2013) ...................................................................18, 19, 33

*Korman v. Walking Co.*,
  503 F. Supp. 2d 755 (E.D. Pa. 2007) ...........................................................19

*Kubas v. Standard Parking Corp. IL*,
  594 F. Supp. 2d 1029 (N.D. Ill. 2009) ..........................................................21

*Lavery v. RadioShack Corp.*,
  No. 13-CV-05818, 2014 WL 2819037 (N.D. Ill. June 23, 2014) ...........19, 26

*Long v. Tommy Hilfiger U.S.A., Inc.*,
  671 F.2d 371 (3d Cir. 2012) ....................................................................31, 32

*Lopez v. Gymboree Corp.*,
  No. C07-0087 SI, 2007 WL 1690886 (N.D. Cal. June 9, 2007) ..................20

*N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*,
  709 F.3d 109 (2nd Cir. 2013) .......................................................................14

*Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctrs. Ret.*
  *Plan v. Morgan Stanley Inv. Mgmt. Inc.*,
  712 F.3d 705 (2d Cir. 2013) .........................................................................14

*Ramirez v. MGM Mirage, Inc.*,
  524 F. Supp. 2d 1226 (D. Nev. 2007) ..........................................................20

*Ramirez v. Midwest Airlines, Inc.*,
  537 F. Supp. 2d 1161 (D. Kan. 2008) ..........................................................21

*Romano v. Active Network Inc.*,
  No. 09-CV-1905, 2009 WL 2916838 (N.D. Ill. Sep. 3, 2009) .....................26

*Safeco Ins. Co. of America v. Burr*,
  551 U.S. 47 (2007) ...............................................................................*passim*

*Shlachtichman v. 1-800 Contacts, Inc.*,
  615 F.3d 794 (7th Cir. 2010) ........................................................................32

*Skinner v. Switzer*,
  131 S. Ct. 1289 (2011) ..................................................................................15

*Trans World Airlines, Inc. v. Thurston*,
  469 U.S. 111 (1985) ......................................................................................28

**Statutes & Other Authorities:**

15 U.S.C. § 1681 ...................................................................................1

15 U.S.C. § 1681c ................................................................................1

15 U.S.C. § 1681c(g) .............................................................1, 16, 21, 32

15 U.S.C. § 1681c(g)(1).........................................................................5

15 U.S.C. § 1681n ................................................................................1

15 U.S.C. §1681n(a) .........................................................................5, 16

28 U.S.C. § 1291 ..................................................................................2

28 U.S.C. § 1331 ..................................................................................1

Fed. R. Civ. P. 8(a)..............................................................................24

Fed. R. Civ. P. 9(b) .............................................................................24

Fed. R. Civ. P. 12(b)(6).................................................................*passim*

Fed. R. Civ. P. 59(e).........................................................................2, 35

Black's Law Dictionary, 8th Edition .................................................29, 30

Local Civil Rules of the United States District Court for the Southern
    District of New York, Rule 6.3................................................2, 35

Prosser and Keeton § 34, at 213-14 ...................................................11

v

## STATEMENT OF JURISDICTION

Plaintiff-appellant filed a complaint in the United States District Court for the Southern District of New York which states that jurisdiction is based on 15 U.S.C. §1681c, 15 U.S.C. §1681n, and 28 U.S.C. §1331 (Joint Appendix ("**A**") 7-15).  Known as the Fair and Accurate Credit Transactions Act ("**FACTA**"), §1681c(g) is an amendment to the Fair Credit Reporting Act ("**FCRA**"), 15 U.S.C. §1681, *et seq*., which mandates the truncation of certain credit card and debit card information on electronically printed sales receipts provided to consumers at the point of sale.

On January 16, 2014, the trial court entered an order granting defendant-appellee, Paris Baguette America, Inc.'s ("**Paris Baguette**" or "**defendant-appellee**") motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and staying the case pending its opinion explaining its decision.  (A 159-160).  On June 30, 2014, the trial court filed its opinion explaining its decision entered January 16, 2014 and adding that plaintiff-appellant, Devorah Crupar-Weinmann's ("**Crupar**" or "**plaintiff-appellant**") complaint is dismissed "with prejudice."  (A 178-89).  On June 30, 2014, the final judgment was entered accordingly.  (A 190-91).

1

On September 3, 2014, Judge Rakoff entered an order denying Crupar's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and Rule 6.3 of the Local Civil Rules of the United States District Court for the Southern District of New York, which included a proposed amended complaint (A 192-210), with respect to the foregoing dismissal order and judgment. (A 211-15).

The order and judgment entered January 16, 2014, and order entered September 3, 2014, are the rulings under review. On October 1, 2014, plaintiff-appellant filed her notice of appeal. (A 216-18). This Honorable Court has jurisdiction over this appeal under 28 U.S.C. §1291.

## <u>STATEMENT OF ISSUES</u>

1. Whether the trial court erred in holding that, as a matter of law, defendant-appellee was not liable to plaintiff-appellant for its violations of the Fair and Accurate Credit Transactions Act ("FACTA") because plaintiff-appellant did not plausibly plead that defendant-appellee "knew" that it was violating the statute, while simultaneously concluding that plaintiff-appellant's allegations plausibly suggest defendant-appellee knew about FACTA when it partially complied with the Act by truncating the credit card number but not redacting the expiration date.

2. Whether the trial court erred in failing to consider whether plaintiff-appellant plausibly alleged that defendant-appellee's conduct was reckless, and therefore, willful.

## STATEMENT OF THE CASE

The trial court found that plaintiff-appellant plausibly alleged that defendant-appellee knew about FACTA and its truncation requirements. Nevertheless, requiring a heightened level of pleading unsupported by legal precedent, the trial court denied plaintiff-appellant the right to conduct discovery with respect to her allegations, and even denied plaintiff-appellant the right to a *single* amendment of her complaint.

This action seeks to vindicate the important rights of the consumers affected by defendant-appellee's FACTA violations. In response to the rampant growth of credit/debit card fraud and identity theft, facilitated in large part by the increasing number of sophisticated criminal syndicates relying on rapidly expanding technology, Congress enacted FACTA in 2003. FACTA is designed to hold accountable retailers who expose their customers to unreasonable risks of such fraud and theft. By its decision, the trial court effectively eliminated a consumer's access to statutory relief under FACTA, thereby severely disincentivizing any retailer from complying with the requirements of FACTA.

Essentially, FACTA, enacted over ten years ago, imposes two easy to implement requirements on retailers who accept credit and debit cards as a

form of payment and issue their customers an "electronically printed" receipt at the "point of sale or transaction." 15 U.S.C. § 1681c(g)(1). *First*, retailers must remove the *entire* expiration date of a customer's credit or debit card from the receipt. *Second*, no more than the "last 5 digits of the card number" may appear on the receipt. *Id*.

To plead an actionable violation of FACTA, a plaintiff need not allege that she suffered actual damages. Rather, any retailer who "willfully fails to comply" with FACTA is liable for statutory damages, along with punitive damages, court costs and reasonable attorneys fees. 15 U.S.C. § 1681n(a).

On September 19, 2013, plaintiff-appellant authorized a credit card transaction at one of defendant-appellee's stores in Manhattan. (A 9). The parties do not dispute that the electronically-printed transaction receipt that defendant-appellee gave to Crupar displays the *entire* expiration date of her Visa branded credit card (but otherwise complies with FACTA).

Plaintiff-appellant subsequently filed a complaint on October 3, 2013 against defendant-appellee alleging willful violations of FACTA. On November 18, 2013, Paris Baguette moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), (Dkt. No. 10), on the grounds that the complaint failed to allege willfulness, among other things. After the parties

fully briefed Paris Baguette's motion and presented oral argument on January 6, 2014, (A 161-77), the trial court (Rakoff, J.) granted the motion and entered an order on January 16, 2014, dismissing the complaint (A 159-60), followed by its opinion filed June 30, 2014 (A 178-89), this time dismissing the complaint "with prejudice." On June 30, 2014, final judgment was entered accordingly. (A 190-91).

On July 15, 2014, with leave of the trial court, Crupar moved for reconsideration with respect to the foregoing dismissal order and judgment (Dkt. No. 27) and included a proposed amended complaint (A 192-210). After the parties fully briefed Crupar's motion, the trial court entered, on September 3, 2014, an order denying the motion for reconsideration. (A 211-15).

Crupar's instant appeal follows.

## SUMMARY OF ARGUMENT

First and foremost, the trial court's orders below must be reversed because Crupar adequately pleaded that Paris Baguette knowingly or recklessly (and therefore, willfully) violated FACTA. The trial court found that Crupar's complaint plausibly alleged that Paris Baguette knew about FACTA and its truncation requirements at all relevant times, and yet failed to comply with those requirements by displaying the entire expiration date on the receipts it provided to its customers, including Crupar. The trial court then erroneously found that Crupar did not adequately plead a "willful" violation of the statute entitling her to statutory damages and dismissed the complaint with prejudice.

However, under relevant precedent, allegations that Paris Baguette knew of FACTA's requirements and yet failed to comply, alone, are sufficient to plead willful noncompliance with FACTA. But Crupar's complaint goes further—the complaint alleges a series of facts, all of which must be presumed to be true on a motion to dismiss, supporting the inference that Paris Baguette knew or was reckless in not knowing of its legal obligations under FACTA and, nevertheless, did not meet those obligations.

The trial court failed to apply the proper pleading standard, instead, dismissing the complaint with prejudice, for want of more detailed allegations comprising a "plausible inference that [defendant-appellee] *knew that it was violating FACTA*." (A 186). In so finding, the trial court disregarded the relevant precedent which instructs that allegations, substantially similar to those in Crupar's complaint, sufficiently support an inference, at least at the pleading stage, that a merchant knowingly or recklessly disregarded its FACTA obligations.

The standard demanded by Judge Rakoff imposes a heightened requirement on plaintiffs that can rarely, if ever, be met at the pleading stage. In setting this standard, Judge Rakoff has effectively all but eliminated a plaintiff's entitlement to statutory relief under FACTA. By its holding, the trial court told merchants that they need not comply with FACTA.

Courts across the country have found that complaints with allegations similar to, or even less than, Crupar's sufficiently pleaded reckless (and knowing) violations of FACTA. The court disregarded this prevailing law and Crupar's allegations which plausibly allege that Paris Baguette's violation of FACTA was reckless. Specifically, Crupar alleged that Paris

Baguette engaged in a clear violation of the very conduct proscribed by FACTA for more than ten years. Crupar further alleged that Paris Baguette's conduct could not have occurred but for its reckless handling of its receipt-printing equipment, all while being abundantly aware—through publications, contracts and other alleged sources—of FACTA's requirements. (A 13). After all, Judge Rakoff acknowledged that Crupar's complaint plausibly suggested that defendant-appellee knew about FACTA and the truncation requirements at all relevant times. (A 186). As a matter of law, the complaint should have survived dismissal under Fed. R. Civ. P. 12(b)(6).

A recent opinion from within this Circuit, dated November 14, 2014, analyzed the required showing that a plaintiff must make to survive a motion to dismiss on the question of recklessness. Finding that recklessness involved something "more than" allegations of "a negligent violation," the court found that "courts should be wary of establishing an unreasonably high bar to surviving a motion to dismiss, lest the FCRA's willfulness tier be all but eliminated." *Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13 Civ 7174, 2014 WL 6076733, at *7 (S.D.N.Y. Nov. 14, 2014) (Failla, J).

That is precisely what happened here. The trial court permitted Paris Baguette to simply say: oops, we made a mistake. If a complaint filed ten years after the statute's enactment, alleging that a defendant had multiple sources by which it was repeatedly informed of FACTA's requirements and, nevertheless, indisputably violated the statute can be dismissed on the basis of an "oops" defense, then the entire "willfulness" prong of FACTA has been all but eliminated, as the court warned in *Wolfgang*. In sum, the court below insisted that Crupar prove her case at the pleading phase, without the benefit of any discovery (regarding, for example, what factors Paris Baguette considered when selecting its credit card processing firm, what deliberations took place when Paris Baguette decided to purchase an insurance policy that specifically excluded FACTA coverage, and what the officers/directors of Paris Baguette knew about FACTA's truncation requirements and/or Paris Baguette's violation of those truncation requirements – and when they knew these things) and essentially decided Crupar's case on the merits under inapplicable standards not recognized in the Second Circuit, or anywhere else, in the context of the FCRA or FACTA. For this reason, too, reversal of the orders below is warranted.

*Second*, in a side step around Supreme Court precedent dating back to 2007, the trial court effectively ignored that "willful" violations of the FCRA can be pled by reference to two different standards: "reckless" conduct, as well as "knowing" conduct. *Safeco Insurance Co. of America v. Burr* and its progeny have provided well-defined standards across the circuits for determining "willful" (*i.e.*, knowing or reckless) violations of the FCRA, including FACTA. 551 U.S. 47 (2007). Under the correct standard applicable today, a trial court must determine whether a defendant's interpretation of any FCRA provision (*viz.*, FACTA) was done recklessly— an "objective standard" that asks whether the defendant's conduct involved "an unjustifiably high risk of harm that [was] either known or **so obvious that it should [have] be[en] known**." *Id.* at 68 (*citing Farmer v. Brennan*, 511 U.S. 825, 836 (1994) and Prosser and Keeton § 34, at 213-14) (emphasis supplied).

The trial court failed to consider whether the defendant-appellee acted recklessly in failing to remove the expiration dates from its credit card receipts, in clear violation of a ten-year old statute. In fact, the trial court's only independent reference to a "standard" for pleading is found in a footnote, wherein the trial court cited to an inapplicable standard for

11

determining recklessness. (A 159-60). *Safeco* held that a defendant is liable for a willful FACTA violation where the defendant did not rely upon an objectively reasonable interpretation of FACTA or, in other words, the defendant ran a "risk of violating the law substantially greater than the risk associated with a reading [of the statute] that was merely careless." *Id*. However, defendant-appellee never argued that it was relying upon an "objectively reasonable" interpretation of the statute or, for that matter, *any interpretation of FACTA*. So, whether plaintiff-appellant failed to show that defendant-appellee's purported "interpretation" of the statute was "not objectively unreasonable" is wholly irrelevant. There was no statutory interpretation question at play.

The decisions are otherwise wholly devoid of any discussion of whether plaintiff-appellant adequately pled that defendant-appellee acted recklessly—failing to even set forth the required pleading standard. Rather, the trial court folded the two pleading standards, for "recklessness" and "knowledge," into one—essentially eliminating the ability to plead willful violations via reckless conduct. This oversight, alone, warrants reversal. Such a result is directly contrary to Supreme Court precedent. As stated above, the trial court's decision essentially requires Crupar to prove her case

at the pleading stage, before discovery. At this stage of the proceedings, however, the question is not whether a plaintiff will ultimately prevail: the trial court's inquiry is limited to whether the plaintiff has stated a claim upon which relief can be granted. Reversal is warranted as a matter of law: Crupar and her putative class have pled sufficient allegations to entitle them to proceed to discovery.

## <u>STANDARD OF REVIEW</u>

The grant of a Fed. R. Civ. P. 12(b)(6) motion to dismiss is subject to *de novo* review. *Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006); *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *see also Ehrenfeld v. Mahfouz*, 489 F.3d 542, 547 (2d Cir. 2007) (question of statutory interpretation is subject to *de novo* review). Therefore, all allegations in the complaint must be accepted as true and all inferences drawn in plaintiff-appellant's favor. *N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109 (2nd Cir. 2013); *Caiola v. Citibank, N.A.*, 295 F.3d 312, 321 (2d Cir. 2002). Further, a complaint need only "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such a determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718 (2d Cir. 2013), *citing Iqbal*, 556 U.S. at 679. The question is not whether the plaintiff "will ultimately prevail … but whether his complaint [is] sufficient

14

to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289,

1296 (2011) (citations omitted).

## LEGAL ARGUMENT

## THE DISTRICT COURT ERRED IN FINDING THAT
## NO WILLFUL FACTA VIOLATION HAS BEEN PLEADED.

FACTA prohibits retailers who accept credit or debit cards from displaying "more than the last 5 digits of the card number or the expiration date upon any [electronically printed] receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. §1681c(g). Though actual damages may be shown—it is not required under the statute.

Rather, in cases like this one, where defendants "*willfully* fail[] to comply" with FACTA's requirements, those defendants are liable for, *inter alia*, certain statutory damages (ranging from $100-$1000 per customer). 15 U.S.C. §1681n(a) (emphasis supplied). The Supreme Court has held, unequivocally, that the term "willful" in the context of FCRA violations, includes both knowing and reckless violations of the statute. *Safeco*, 551 U.S. at 57.

## A. The Trial Court erred in determining that Crupar did not adequately plead a willful violation of FACTA.

Crupar's complaint must be reinstated because, under the prevailing law, Crupar plausibly alleged that Paris Baguette willfully violated

16

FACTA's requirements, when it knowingly or recklessly violated those requirements.

Judge Rakoff found that Crupar plausibly alleged that defendant-appellee knew about FACTA and its truncation requirements at all relevant times. (A 186, 163). Judge Rakoff further acknowledged that Crupar's allegations that "defendant 'change[d] . . . the credit and debit card receipts to remove all but the last three digits of the card number' . . . suggests that the defendant knew enough about FACTA to comply in part with the statute." (A 187). And yet, the court found that these allegations still did not "plausibly suggest that plaintiff acted knowingly or recklessly to violate FACTA." (*Id*.) In fact, the court found, such facts "render[] implausible the claim that defendant was attempting to willfully evade FACTA's restrictions."[1] *Id*.

The court further found that "any attempt by plaintiff to replead her complaint would be futile" because plaintiff's counsel was purportedly unable to identify any additional evidence of willfulness at oral argument. (A 188 (citations omitted)). Nevertheless, counsel had responded at oral

---

[1] Crupar also filed a proposed amended complaint in connection with her unsuccessful motion for reconsideration. (A 192-210). Judge Rakoff's order, filed September 3, 2014, considered the amended complaint and then dismissed Crupar's claim with prejudice. (A 214-15).

argument that "defendant's insurance company sent a letter indicating that it would not insure damages resulting from any violations by defendant of FACTA because the defendant and insurer had *negotiated such an exception to coverage*." *Id.* (emphasis supplied). This was an additional factual allegation that the trial court found wanting in its denial of the motion for reconsideration.

In holding that these allegations were insufficient to plausibly allege a willful (*i.e.,* reckless) violation of FACTA, the trial court ignored the myriad of cases that held that substantially similar, if not *identical*, allegations were sufficient to withstand motions to dismiss and/or entitle the plaintiff to an opportunity to re-plead its case.

For example, in *Katz v. ABP Corporation*, No. 12-CV-04173, 2013 U.S. Dist. LEXIS 78476 (E.D.N.Y. June 4, 2013)—a decision from this Circuit—Judge Eric N. Vitaliano relied on *Safeco* and held that a plaintiff "can state a plausible FACTA willful violation claim by first alleging [defendant] issued a [noncomplying] receipt" and then alleging that "the receipt was issued from a cash register exclusively maintained, programmed, and operated by or solely at the request of [defendant]." According to Judge Vitaliano, it is "reasonable to infer on such allegations that … [defendant]

either intended, or recklessly permitted, such identifying information to appear on the receipt." 2013 U.S. Dist. LEXIS 78476, at *8. (Similar to the plaintiff in *Katz*, Crupar too has alleged in Paragraphs 36 and 40 of her original complaint (A 14), as well as in her amended complaint, that her unlawful receipt originated from "cash registers or other machines or devices" and otherwise inferred that the receipt could not have been issued absent Paris Baguette's intention for her prohibited information to appear on the receipt, or reckless disregard of its obligation to prevent such information from appearing.)

Courts throughout the country have found that allegations substantially similar to Crupar's were sufficient to survive a motion to dismiss. *See, e.g.*, *Lavery v. RadioShack Corp.*, No. 13-CV-05818, 2014 WL 2819037, at *2 (N.D. Ill. June 23, 2014) (willfulness was adequately alleged where the complaint "aver[red] that RadioShack was on notice of FACTA's truncation requirement," by reference to allegations of "widely publicized" requirements, and where "major companies involved in the processing of credit cards . . . advised and contractually required merchants to comply with FACTA's requirements"); *Korman v. Walking Co.*, 503 F. Supp. 2d 755, 756 (E.D. Pa. 2007) (finding that the complaint's allegations

19

that defendant received notification from credit card companies of FACTA's requirements, that FACTA provided a three year grace period to retailers, and that most of the defendant's peers had complied with the statute, "while simple, both mirror[ed] the allegations in numerous complaints . . . filed throughout the country and readily withst[ood] a motion to dismiss"); *Ramirez v. MGM Mirage, Inc.*, 524 F. Supp. 2d 1226, 1233 (D. Nev. 2007) (same); *Follman v. Hospitality Plus of Carpentersville, Inc.*, 532 F. Supp. 2d 960, 962-63 (N.D. Ill. 2007) (same); *Iosello v. Leiblys, Inc.*, 502 F. Supp. 2d 782, 784-85 (N.D. Ill. 2007) (holding that the complaint's allegations regarding FACTA being enacted four years prior to the filing of the complaint, the defendant's receipt of notification from credit card companies, the "public statements . . . made to the media by . . . credit card companies," that the "credit card issuing organizations required compliance by merchants prior to FACTA's effective date," and that defendant's peers and competitors complied with FACTA "plausibly suggest" that defendant willfully violated FACTA); *Ehrheart v. Lifetime Brands, Inc.*, 498 F. Supp. 2d 753, 756 (E.D. Pa. 2007) (same); *Lopez v. Gymboree Corp.*, No. C07-0087 SI, 2007 WL 1690886, at *2 (N.D. Cal. June 9, 2007) (same); *Clark v. Marshalls of MA, Inc.*, No. CV 06-8135 ABC (SHx), 2007 WL 1100412, at

20

*1 (C.D. Cal. Mar. 12, 2007) (holding that, since allegations "regarding state of mind, such as willfulness, may be averred generally, the complaint's allegations that "the Defendant was aware of the requirements imposed by FACTA, yet despite this willfully printed prohibited information on her receipt [we]re sufficient" to defeat a motion to dismiss); *Buechler v. Keyco, Inc.*, No. 09-CV-02948, 2010 U.S. Dist. LEXIS 40197 (D. Md. April 22, 2010) (denying a motion seeking dismissal of a complaint on the grounds that the plaintiff had failed to allege "willfulness" in defendant's FACTA violation where the complaint contained allegations about the publicity of FACTA, the defendant's constructive notice of its truncation requirements, and its presumed willful violation of FACTA as demonstrated by its printing of receipts displaying the expiration dates of its customers' credit or debit cards); *Kubas v. Standard Parking Corp. IL*, 594 F. Supp. 2d 1029, 1032 (N.D. Ill. 2009) (finding §1681c(g) "is not vague and ambiguous": its "plain language ... unambiguously prohibits a person from printing … the expiration date on a receipt" and "this is exactly what plaintiff has alleged defendants did here" (citation omitted)); *Ramirez v. Midwest Airlines, Inc.*, 537 F. Supp. 2d 1161, 1172 (D. Kan. 2008) (§1681c(g) "could not be more

clear in requiring merchants to omit all but the last five digits of a card number as well as the expiration date").

A recent case from this Circuit similarly held. In *Wolfgang*, Judge Kathrine P. Failla found that allegations in a proposed amended complaint that defendants were "notified by multiple sources at least monthly of requirements created by FACTA itself, and that defendants negotiated an insurance contract that specifically highlighted the importance of compliance with FACTA" were sufficient to find that the amendment of the complaint "might not be futile." *Wolfgang*, 2014 WL 6076733, at *8.

These allegations, found to be sufficient all over the country, are no different than those alleged here, namely, that:

- Visa, MasterCard, the PCI Security Standards Council – a consortium founded by Visa, MasterCard, American Express and JCB – companies that sell cash registers and other devices for the processing of credit card and debit card payments, and other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition of the printing of expiration dates, and Defendant's need to comply with the same. (A 13).

- FACTA requirements were also widely publicized among retailers. (*Id.*)

- [T]he card issuing organizations required compliance with FACTA by contract, in advance of FACTA's mandatory compliance date. (*Id*.)

- Defendant's knowledge of the FACTA requirements is also evidenced by its change to the credit and debit card receipts to remove all but the last three digits of the card number. (*Id*.)

In addition, counsel for plaintiff-appellant informed the court that, should the court offer plaintiff-appellant an opportunity to replead, Crupar would allege that Paris Baguette entered into an insurance company agreement that contained a specific exclusion for FACTA—forcing defendant-appellee to acknowledge the requirements of FACTA. (*See* A 188, 174, 175-76).

The conclusion is inescapable: under the prevailing law, Crupar's allegations, sufficiently plead that Paris Baguette willfully (*i.e.,* recklessly) failed to comply with FACTA. The District Court failed to correctly apply the necessary "willful" standard, and the decision must be reversed.

## B. The Trial Court's standard eliminates FACTA enforcement.

Moreover, Judge Rakoff's unusual expectations beg the question whether any FACTA complaint can survive dismissal under such an insurmountable pleading standard. To wit, under the lower court's "willful"

standard, no one but a FACTA defendant's own employee or someone with inside knowledge can ever come close to pleading "willfulness" with enough detail and specificity to survive dismissal under Fed. R. Civ. P. 12(b)(6). In a case such as this, subject to only the requirements of Fed. R. Civ. P. 8(a)—and not Fed. R. Civ. P. 9(b)—requiring more particularity than the statute requires demands reversal.

In fact, the trial court imposed a pleading burden on plaintiff-appellant that was so high that, two months ago, the very same court upon a review of a complaint with substantially similar facts to those alleged in the case at bar, relying upon Judge Rakoff's decision warned that "[c]ourts should be wary of establishing an *unreasonably high bar* to surviving a motion to dismiss, lest the FCRA's willfulness tier be all but eliminated." *Wolfgang*, 2014 WL 6076733, at *7. Requiring plaintiffs to show in their pleadings that a defendant "actually knew of its own violative behavior," the *Wolfgang* court continued, will result in only a "rare handful of cases" able to "establish, at the motion to dismiss stage, that a defendant was actually informed of their violation of the statute." *Id*. Moreover, though the *Wolfgang* court agreed that "in cases where the Defendant is aware of a statute's requirements, the Plaintiff must also allege that there was

24

something more than a negligent violation," the court further stated that "it is *implausible to hold that no level of knowledge of the statute's requirements could give rise to an inference of knowledge of violation*." *Id*., at *6-7 (citations and internal quotations omitted, emphasis added).

It is unclear, under Judge Rakoff's opinion, what additional information would be required to *plead* a reckless and/or knowing violation of FACTA. It seems beyond the pale that, under a notice pleading standard, allegations that a party had such extensive knowledge of a statute for over ten years, and where contracts require compliance, as alleged here, and which nevertheless, indisputably, fails to comply with that statute are sufficient to survive a motion to dismiss, and to proceed to discovery to gather evidence regarding whether such party knew of its violations, or, at a minimum, was reckless by assuming an unjustifiably high degree of risk in failing to comply with the statute. *See Safeco*, 551 U.S. at 68-70.

By finding that Crupar's allegations show nothing more than "mere[] careless[ness]" (A 213) the trial court effectively eliminated a plaintiff's right to statutory relief under FACTA. *See Wolfgang*, 2014 WL 6076733, at *7. If a defendant is permitted to simply close its proverbial eyes to the plethora of information received, ignoring requirements imposed upon it,

25

acknowledges and agrees to comply with those requirements in contracts and then is permitted to say: oops, we made a mistake, and avoid liability, the statutory right to relief under FACTA is no longer available to plaintiffs. *See generally, id*. This is not the law. The trial court's imposition of heightened burden on plaintiff-appellant to ***prove*** factual questions at the pleading stage constitutes reversible error. *See Lavery*, 2014 WL 2819037, at *2 (denying a motion to dismiss for statutory violations of FACTA and stating: "[s]ince they frequently involve facts beyond the pleadings, issues of willfulness often cannot be resolved at the motion to dismiss stage," and citing *Romano v. Active Network Inc.*, No. 09-CV-1905, 2009 WL 2916838, at *3 (N.D. Ill. Sep. 3, 2009)).

## C. The lower court failed to consider whether defendant-appellee recklessly violated FACTA.

Even assuming, *arguendo*, that the trial court correctly found that defendant-appellee did not knowingly violate FACTA—which it did not— the trial court failed to consider whether the complaint sufficiently pled that Paris Baguette *recklessly* violated FACTA.

In the trial court's decision dismissing the complaint with prejudice, the court stated:

26

> [i]n evaluating these allegations, the central question is what plaintiff must plead to show a 'knowing violation' under FACTA . . . . [P]laintiff appears to suggest that a knowing violation can be inferred solely from the fact that a defendant knew of the relevant statute and then violated it. However, plaintiff fundamentally misreads what is required to show a knowing violation under FACTA.

(A 183-184).

This was an error of law. The central question in determining whether the complaint was sufficient to withstand dismissal was whether there was a *willful* violation of FACTA—a term that the Supreme Court went to lengths to explain encompasses ***not just knowing violations, but also reckless violations***. *Safeco*, 551 U.S. at 69.

Despite the fact that the trial court *acknowledged* that *Safeco* permits pleading of FACTA violations on the basis of reckless conduct (A 181), the trial court failed to discuss what would be required to plausibly allege recklessness, separate and apart from knowing violations. The trial court never set forth the standard for recklessness. Rather, the trial court focused on "knowing" violations, and instead of relying upon the relevant caselaw from around the country, relied on a case decided in the context of the Age Discrimination in Employment Act ("ADEA") which the trial court claimed "elaborated on what constitutes a 'knowing' violation of a statute." (A 184).

27

The trial court explained that, in the context of ADEA violations, to show a "knowing" violation, the defendant must not only be alleged to have known of the existence of the statute, but also "that its conduct violated the act." *Id*. (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 129 (1985)). The Trial Court, however, ignored the next sentence in the *Trans World Airlines* case: "Nor can it fairly be said that TWA adopted its transfer policy in "reckless disregard" of the Act's requirements." *Id.*

Taking this knowing standard—which only discusses "knowing" violations—as the standard for willfulness, the trial court found that "to survive defendant's motion to dismiss, plaintiff's complaint must plead sufficient facts to support a plausible inference ***that defendant knew that its conduct was violating the statute***, and not simply that defendant knew about the existence of the statutory provision at issue."  (A 185) (emphasis supplied).

In further dissecting the complaint, the court reasoned that, although certain paragraphs of the complaint "plausibly suggest that defendant knew about FACTA's requirements," they did not "support a plausible inference that defendant knew that it was *violating* FACTA," again, failing to account

for whether such allegations sufficiently plead "reckless" violations. (A 186) (emphasis in original).

Though the trial court later lumps the term "reckless" in with "knowing" violations, it never discusses how the standards differ, or the pleading threshold required to show recklessness. *See, e.g.*, A 187 ("This suggests that the defendant knew enough about FACTA to comply in part with the statute. However, even this fact, if accepted as true, does not plausibly suggest that plaintiff acted knowingly or recklessly to violate FACTA.") In so doing, the court essentially folded the two distinct standards into one, effectively eliminating the recklessness prong in a manner contrary to binding Supreme Court precedent. *See Safeco*, 551 U.S. at 69.

The two terms "knowing" and "reckless" have distinct meanings and, thus, carry distinct pleading burdens. *See Safeco*, 551 U.S. at 60 (an "action falling within the *knowing* subcategory does not simultaneously fall within the *reckless* alternative"). According to Black's Law Dictionary, "knowing" is defined as "having or showing awareness or understanding; well informed," or "deliberate; conscious." Unlike "knowing," which implies actual awareness and deliberateness, "reckless" means "characterized by the

29

creation of a substantial and unjustifiable risk of harm to others and by a conscious (and sometimes deliberate) disregard for or indifference to that risk." "Recklessness involves a greater degree of fault than negligence but a lesser degree of fault than intentional wrongdoing." Blacks Law Dictionary, 8th Edition, defining "knowing" "reckless" and "recklessness."

Moreover, it cannot be that both "knowing" and "reckless" conduct demand the same standard of proof, let alone the same pleading requirements. If that were true, *Safeco*'s holding that "willful" encompasses both "knowing" and "reckless" conduct would be useless. If the terms were synonyms, carrying indistinct meanings as to the standards they import, there would be no reason to suggest that both are encompassed by the term "willful."

The court's wholesale failure to distinguish between reckless and knowing conduct, in and of itself, constitutes reversible error. Not only did the court fail to apply the standard for recklessness to the facts of this case— the court did not even set forth a basic standard for recklessness in its decision to deny plaintiff-appellant an opportunity to proceed with discovery.

The only insight, at all, that the trial court gave into the standard of recklessness is found in a footnote. The trial court stated:

> Plaintiff also fails to plausibly plead that defendant acted recklessly because there is no evidence that defendant made a decision to put the credit card expiration date on its receipts as the result of an objectively unreasonable interpretation of the statute.

A 187-88, n.2, citing *Safeco*, 551 U.S. at 68-70.

In ruling on Crupar's motion for reconsideration, the court cited the same standard. Relying on *Safeco*, the court held that "a company . . . does not act in reckless disregard of [FCRA] unless the action is *not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless*." (A 213, *citing* 551 U.S. at 69 (emphasis supplied).

However, the court's analysis of recklessness by way of this "objectively unreasonable" standard was inapplicable to cases like this one, where the defendant never raised any purported reliance on a statutory (mis)interpretation as a defense to its willful misconduct.

Cases where the courts relied upon the "not objectively unreasonable" standard are not instructive here. *See, e.g.*, *Long v. Tommy Hilfiger U.S.A.,*

*Inc.*, 671 F.2d 371, 377 (3d Cir. 2012); *Shlachtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 803-4 (7th Cir. 2010). In *Long*, the court applied the "not objectively unreasonable" standard and granted a motion to dismiss, finding that the plaintiff had not adequately alleged willfulness under *Safeco*. 671 F.3d at 377. There, the defendant had argued, in its defense, that it interpreted the statute to require only that it truncate half of the expiration date of plaintiff's credit card on its receipts. *Id*. The court found that defendant's statutory interpretation had "some foundation" in the statutory text of §1681c(g) and was not, therefore, "objectively unreasonable." *Id*. Based upon this finding, the alleged conduct was held not sufficient to show willfulness at the pleading stage. *Id*.

The same standard was applied in *Shlahtichman*, but there the trial court denied a motion to dismiss. 615 F.3d at 803-4. The Seventh Circuit, in *Shlahtichman,* found that the plaintiff had sufficiently pled willful noncompliance because the defendant's argument in its defense that interpreted FACTA to not apply to e-mailed receipts was objectively unreasonable. *Id*.

At least one other court has acknowledged that *Safeco*'s definition of "recklessness" fails to provide clarity where a defendant has not raised a defense of statutory interpretation:

> Courts have found that *Safeco* "defined the standard for all willful violations of the FCRA . . . . Yet it is unclear how to apply the *Safeco* Court's standards for a knowing or reckless violation of the FCRA when the proper interpretation of the particular statutory provision is not in doubt.

*Wolfgang*, 2014 WL 6076733, at *4. In a footnote in the *Wolfgang* case, the court further explained that the defendants did "not argue that they relied upon a permissible, albeit incorrect, interpretation of the requirements of [FACTA] and such an argument would be particularly difficult to maintain in this case in the wake of the [Credit and Debit Card Receipt] Clarification Act." *Id.* at *4, n.4.

The same is true here. The standard set forth is *Safeco* is inapplicable, and the court's reliance upon it, here, is misplaced and constitutes reversible error.

Moreover, even if this standard were to be applied, it weighs in plaintiff-appellant's favor, since defendant-appellee failed to set forth an interpretation of FACTA that is "not objectively unreasonable." *See Katz*, 2013 U.S. Dist. LEXIS 78476, at *7 (where a noncompliant receipt was

printed, reliance on a statutory interpretation that is "not objectively unreasonable" is the *only* available defense under FACTA). Defendant-appellee herein merely alleged that it made a mistake—it never set forth a statutory interpretation that was "not objectively unreasonable." It defies logic that a plaintiff should bear the burden of asserting a defense for a defendant and then countering that defense. For this reason, too, the decision should be reversed.

## <u>CONCLUSION</u>

For the reasons set forth hereinabove, plaintiff-appellant, Devorah Crupar-Weinmann respectfully requests this Honorable Court to (i) reverse the lower court's order and judgment entered June 30, 2014, granting defendant-appellee, Paris Baguette America, Inc. d/b/a Paris Baguette's motion to dismiss complaint pursuant to Fed. R. Civ. P. 12(b)(6), along with the memorandum and order entered September 3, 2014, denying her motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and Rule 6.3 of the Local Civil Rules of the United States District Court for the Southern District of New York and (ii) reinstate plaintiff-appellant's class action complaint in its entirety.

DATED:  New York, New York
    January 14, 2015

        Respectfully submitted,

        **FRANK & BIANCO LLP**

        By:  /S/ Marvin L. Frank
        Marvin L. Frank (MF1436)
        275 Madison Avenue, Suite 705
        New York, New York 10016
        (212) 682-1853 Telephone
        (212) 682-1892 Facsimile
        mfrank@frankandbianco.com

        *Attorneys for Plaintiff-Appellant*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate

Procedure, the foregoing brief is in 14-Point Times Roman proportional font

and contains 6,186 words and thus is in compliance with the type-volume

limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate

Procedure.

Dated:      New York, New York
           January 14, 2015

                      FRANK & BIANCO LLP
                      *Attorneys for Plaintiff-Appellant*
                      275 Madison Avenue, Suite 705
                      New York, New York 10016
                      (212) 682-1853