**FRANK & BIANCO** LLP

ATTORNEYS AT LAW

275 MADISON AVENUE
SUITE 705
NEW YORK, NY 10016
212 682 1853
212 682 1892   FAX

info@frankandbianco.com
www.frankandbianco.com

July 29, 2015

**VIA ECF**
Catherine O'Hagan Wolfe, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> RE:  *Cruper-Weinmann v. Paris Baguette America, Inc.,* 14-3709-cv
>      Appellant's Citation of Supplemental Authority Pursuant to Rule 28(j)

Dear Ms. Wolfe,

We represent Appellant Devorah Crupar-Weinmann and write to provide supplemental authority in the above-referenced matter pursuant to FRAP 28(j).

On July 23, 2015, Judge Katherine Polk Failla, in *Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13-cv-7174, 2015 U.S. Dist. LEXIS 96903 (S.D.N.Y. July 23, 2015) (annexed hereto as Exhibit "A") ("*Fullwood II*"), denied the defendants' motion to dismiss the plaintiff's Second Amended Complaint, overturning that court's earlier decision in *Fullwood v. Wolfgang's Steakhouse, Inc.* ("*Fullwood I*"), No. 13-cv-7174, 2014 U.S. Dist. LEXIS 160729 (S.D.N.Y. Nov. 14, 2014), upon which Appellee Paris Baguette America, Inc. relies.  *See* Defendant-Appellee Brief at 3, 30.

In *Fullwood II*, Judge Failla set forth a "more precise" formulation of the standard for pleading a willful violation of the Fair and Accurate Credit Transactions Act ("FACTA"), concluding that the plaintiff had plausibly pleaded a willful violation of FACTA's credit card redaction requirements, because plaintiffs pleaded defendants' partial compliance with FACTA, combined with other indicia that the defendant were informed of FACTA's requirements, including the

defendants' negotiation of an insurance contract with provisions specifically excluding FACTA from liability insurance coverage. *Fullwood II*, 2015 U.S. Dist. LEXIS 96903, at *11-12.

The issues on appeal here are identical to those in *Fullwood II,* as are the facts of the Proposed Amended Complaint,[1] Joint Appendix A-187 ("Paris Baguette was well aware of FACTA from numerous sources including, but not limited to, its contracts with Visa, MasterCard, etc. and its insurance policies.").

Judge Failla's decision in *Fullwood II* is relevant to Appellant's argument that the trial court erred in finding that Appellant's proposed allegations failed to plead willfulness, and that amendment of the complaint would be futile. (Mov. Br. at pp. 16-23.)

Respectfully submitted,

s/ Marvin L. Frank
Marvin L. Frank
*Attorney for Plaintiff-Appellant*

cc: Counsel of record (by the court's electronic filing system)

MLF/bh

---

[1] Judge Rakoff considered the allegations raised in the Proposed Amended Complaint in his decision denying Plaintiff's motion for reconsideration. Order Denying Reconsideration, Joint Appendix A-188 (Notice of Appeal).