

ATTORNEYS AT LAW

275 MADISON AVENUE
SUITE 705
NEW YORK, NY 10016
212 682 1853
212 682 1892 FAX

info@frankllp.com
www.frankllp.com

August 11, 2015

**VIA ECF**
Catherine O'Hagan Wolfe, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      *RE:*   *Cruper-Weinmann v. Paris Baguette America, Inc.*, 14-3709-cv
             Appellant's Citation of Supplemental Authority Pursuant to Rule 28(j)

Dear Ms. Wolfe,

      We represent Appellant Devorah Crupar-Weinmann and write to provide supplemental authority in the above-referenced matter pursuant to FRAP 28(j).

      On August 4, 2015, Judge William J. Martini, in *Kamal v. J. Crew Group, Inc.*, No. 15-cv-190, 2015 U.S. Dist. LEXIS 103064 (D.N.J. August 4, 2015) (annexed hereto as Exhibit "A"), denied defendants' motion to dismiss the plaintiff's Amended Complaint.

      The opinion adopts the standard for pleading a willful violation of the Fair and Accurate Credit Transactions Act ("FACTA") followed in *Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13-cv-7174, 2015 U.S. Dist. LEXIS 96903 (S.D.N.Y. July 23, 2015).[1] *Kamal*, 2015 U.S. Dist. LEXIS 103064, at *4-5. Applying that standard, Judge Martini concluded that the plaintiff had plausibly pleaded a willful violation of FACTA, based on allegations of defendants' failure

---

[1] Plaintiff's counsel filed a letter regarding Judge Failla's decision in *Fullwood* pursuant to FRAP 28(j) on July 29, 2015 (Dkt. No. 82).

to comply with FACTA's truncation requirements, along with indicia of defendants' awareness of FACTA's requirements, including their negotiation of an insurance contract that excluded coverage for FACTA violations. *Id.* at *6.

The issues on appeal here are identical to those in *Kamal,* as are the relevant allegations of the Proposed Amended Complaint,[2] Joint Appendix A-187 ("Paris Baguette was well aware of FACTA from numerous sources including, but not limited to, its contracts with Visa, MasterCard, etc. and its insurance policies.").

Judge Martini's decision in *Kamal* is relevant to Appellant's argument that the trial court erred in finding that Appellant's proposed allegations failed to plead willfulness, and that amendment of the complaint would be futile. (Mov. Br. at pp. 16-23.)

          Respectfully submitted,

          s/ Marvin L. Frank
          Marvin L. Frank
          *Attorney for Plaintiff-Appellant*

cc: Counsel of record (by the court's electronic filing system)

MLF/bh

---

[2] Judge Rakoff considered the allegations raised in the Proposed Amended Complaint in his decision denying Plaintiff's motion for reconsideration. Order Denying Reconsideration, Joint Appendix A-188 (Notice of Appeal).