# EXHIBIT A

# Kamal v. J. Crew Group, Inc.

United States District Court for the District of New Jersey

August 4, 2015, Decided; August 6, 2015, Filed

Docket No.: 2:15-cv-190

**Reporter**
2015 U.S. Dist. LEXIS 103064

AHMED KAMAL, on behalf of himself and the putative class, Plaintiff, v. J. CREW GROUP, INC., et al., Defendant.

**Notice:** NOT FOR PUBLICATION

**Counsel:** [*1] For AHMED KAMAL, on behalf of himself and the putative class, Plaintiff: MARVIN L. FRANK, LEAD ATTORNEY, FRANK & BIANCO LLP, NEW YORK, NY; PETER Y. LEE, LEAD ATTORNEY, LEE LLC, edgewater, NJ; ROBERT A. SOLOMON, LEAD ATTORNEY, FRICKE & SOLOMON, P.C., NEWARK, NJ.

For J. CREW GROUP, INC., J. CREW INC., J. CREW INTERMEDIATE LLC., J. CREW INTERNATIONAL, INC., J. CREW OPERATING CORP., J. CREW SERVICES, INC., CHINOS ACQUISITION CORPORATION, CHINOS HOLDINGS, INC., Defendants: ANDREW O. BUNN, LEAD ATTORNEY, DLA PIPER, LLP (US), Short Hills, NJ.

**Judges:** WILLIAM J. MARTINI, United States District Judge.

**Opinion by:** WILLIAM J. MARTINI

# Opinion

Plaintiff Ahmed Kamal brings this putative class action for alleged violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. This matter comes before the Court on Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion to dismiss is **DENIED**.

## I. BACKGROUND

Between December 18, 2014, and January 4, 2015, Kamal made three single purchases at three J. Crew stores located in Maryland, Delaware, and New Jersey. Am. Compl. at ¶¶ 68-70. At each store, Kamal paid with his Discover card, and J. Crew gave him a [*2] printed receipt that identified the first six digits and the last four digits of his card number. *Id.*

Kamal alleges that Defendants violated FACTA by willfully printing more than the last five digits of the card number on credit card receipts provided to him at point of sale. Am. Compl. ¶¶ 66, 74.

In addition, the Amended Complaint states that Visa, MasterCard, and companies that sell credit card payment processing equipment "directly informed Defendants about FACTA, including its specific requirements concerning the redaction of card numbers." *Id.* at ¶ 44. Moreover, prior to Kamal's transactions, Defendants were notified that their liability insurance carrier had terminated coverage for FACTA liability. *Id.* at ¶ 64. Kamal further alleges that Defendants "had control over the receipt printers and used standardized computer software to print the offending receipts," and that therefore, receipts were printed "the same way for each transaction throughout the class period." *Id.* at ¶ 67.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that [*3] no claim has been stated. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds'

of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." See id. at 570; see also Umland v. Planco Fin. Servs., 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." Id.

### III. DISCUSSION

Congress enacted FACTA in 2003 to prevent identity theft from credit card receipts. Reed v. Swatch Group (US), Inc., No.14-896, 2014 U.S. Dist. LEXIS 177653, 2014 WL 7370031, at *2 (D.N.J. Dec. 29, 2014). Thus, FACTA prohibits merchants who accept credit or debit cards from printing "more than the last 5 digits of the card number . . . [*4] . upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c. The type of damages depends on whether the violation was negligent or willful. A defendant is liable for actual damages caused by identity theft plus attorney's fees when a violation is negligent. 15 U.S.C. § 1681o(a). If a violation is willful, a plaintiff may recover either actual damages or statutory damages between $100 and $1,000 per violation, plus punitive damages and attorney's fees. 15 U.S.C. § 1681n(a). Here, Kamal does not allege that he suffered identity theft, so he must allege facts from which a willful violation can be inferred.

A violation is willful if, based on an objectively reasonable interpretation of the statute, the defendant knowingly or recklessly violated its terms. See Dover v. Shoe Show, Inc., No. 12-694, 2013 U.S. Dist. LEXIS 59418, 2013 WL 1748337, at *3 (W.D. Pa. Mar. 19, 2013) report and recommendation adopted, No. 12-694, 2013 U.S. Dist. LEXIS 58101, 2013 WL 1748174 (W.D. Pa. Apr. 23, 2013). Therefore, to establish a claim for a willful violation of FACTA, a plaintiff must plead more than the defendant's awareness of the statute's requirements. Fullwood v. Wolfgang's Steakhouse, Inc., No. 13-7174, 2015 U.S. Dist. LEXIS 96903 (S.D.N.Y. July 23, 2015). Instead, a plaintiff must allege "a sufficiently high degree of knowledge of the statute's requirements," such that "it would be plausible to infer — indeed, implausible not [*5] to infer — that at some point the [defendant] or its agents became aware of a violation of FACTA's requirements, or at least recklessly endeavored to avoid learning of a potential violation." Fullwood, No. 13-7174 (internal quotations and citations omitted). Under civil law, an act is reckless if it ignores "an unjustifiably high risk of harm that is either known or so obvious that it should be known." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 68, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007).

Kamal has plausibly pled a willful violation. First, Kamal alleges that Defendants violated FACTA by printing more than the last five digits of the card number on receipts provided to cardholders at the point of sale.

Second, the allegations are sufficient to establish that Defendants had actual knowledge of FACTA's requirements. FACTA is twelve years-old, and as Defendants complain, there have been many FACTA lawsuits against allegedly non-complying merchants. It is plausible that a sophisticated operation like J. Crew would know about both FACTA's requirements and the lawsuits. The fact that J. Crew had insured itself against FACTA violations indicates that it knew of FACTA's requirements and the legal risks of non-compliance. Moreover, the Amended Complaint states that several entities [*6] informed Defendants of FACTA and its specific requirements regarding redacted card numbers.

The facts alleged indicate that, at the very least, Defendants ignored an obvious and unjustifiably high risk of violating FACTA. See Dover, 2013 U.S. Dist. LEXIS 59418, 2013 WL 1748337, at *3 (finding that allegations of defendant's awareness of FACTA's requirements were sufficient to state a claim for willful noncompliance); Fullwood, No. 13-7174, 2015 U.S. Dist. LEXIS 96903 (finding that allegations that Defendants were repeatedly informed of FACTA's requirements and that Defendants negotiated insurance coverage that excluded coverage for FACTA violations were sufficient to state a claim for willful noncompliance). Consequently, Kamal has adequately pled a willful violation of FACTA.

### IV. CONCLUSION

For the reasons set forth above, the motion to dismiss is **DENIED**. An appropriate order follows.

/s/ William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 4, 2015**

BRIDGET HAMILL